## MCDOWELL *v.* LARSON.

*Master and servant—Injuries received before beginning work—*
  *Question of trespasser—Effect of interrogatories on verdict—*
  *Section 11464, General Code—Burden of proof—Reversals.*

A young woman was sent for to take a place in a laundry and
  begin work at once. She donned her working clothes and
  accompanied the messenger back to the laundry. They en-
  tered the premises through the engine room, where the young
  woman stepped into a sunken barrel filled with boiling water,
  which was uncovered and of the existence of which she had
  no knowledge. The proprietor of the laundry provided med-
  ical attendance for her· and after her recovery took her back
  into his employ. *Held:*

1. That the relation of master and servant existed and she was
  not a trespasser.

2. That the verdict of the jury in her favor was not inconsistent
  with their answer of "yes" to interrogatory as to whether a
  safe and convenient entrance was furnished employes of the
  laundry.

3. That the burden of proof as to the circumstances existing at ·
  the time of her injury was upon the plaintiff below, and the
  jury having found in her favor, judgment should not be dis-
  turbed.

(Decided May 18, 1914.)

ERROR: Court of Appeals for Stark county.

SHIELDS, J.; VOORHEES and POWELL, JJ., con-
curring.

This is a proceeding in error brought to reverse
the judgment of the court of common pleas, ren-
dered in an action brought by Thora Kathryn
Larson, defendant in error, plaintiff below, for
personal injuries caused, as she claims, by the negli-
gence of the plaintiff in error, Robert K. McDowell,
defendant below.

In her amended petition filed in the court below the plaintiff alleged, in substance, that on the 19th day of December, 1912, she was employed by the defendant as an operative in his laundry in the city of Canton, Ohio, and after entering said laundry for the purpose of beginning her duties therein and while in the course of her employment she was passing over a brick walk intended for the use of the employes of the defendant in said laundry, and when at a point near the boiler room thereof she stepped with her left foot and leg into an uncovered barrel filled with boiling water, which said barrel was sunken into the earth at said point in said walk so that the top thereof was practically even with the surface of said walk. She further alleged that in so doing she was seriously and permanently injured, as is more particularly described in said petition; that at the time of the happening of said accident she did not know of the existence of said barrel of water in said walk, and that said accident occurred by reason of the carelessness and negligence of the defendant in not having said walk properly lighted where said barrel was located, in not having a suitable covering over the top thereof, in placing said barrel in said walk at the place and in the manner described and in failing to notify the plaintiff of the existence of said barrel.

It is further alleged that at said time the defendant employed five or more workmen or operatives regularly in his said laundry business, and that he had not at said time paid into the state insurance fund the premiums provided for in what is known as the employers' liability act, passed by the legis-

lature of Ohio May 31, 1911, and found in 102 Ohio Laws, pages 524 to 533, inclusive.

The plaintiff averred that by reason of said injuries so received she suffered loss of wages in the sum of $56, and that in the future she will be unable to earn more than half what she would have been able to earn but for said injuries; all to her damage in the sum of $10,000, for which she prays judgment.

. To this amended petition the defendant filed an amended answer, admitting that the plaintiff, on the 19th day of December, 1912, stepped into a barrel of heated water in the boiler room of his place of business known as the Columbia Laundry, and that as a result thereof she sustained some injuries, but denies that she was injured to the extent claimed by her in her said amended petition. He further avers in said amended answer that at the time when plaintiff stepped into said barrel of hot water she was not in his employment in his said laundry and had no right whatever to be in said engine or boiler room where said barrel of water was located, and avers the fact to be that said plaintiff was a trespasser at said time and whatever injuries she sustained were caused by her carelessness and negligence in coming into said boiler room and in stepping into said barrel of water after she had been warned of the existence and presence of said barrel of water.

The defendant denies that the act passed by the legislature of Ohio May 31, 1911, known as the employers' liability act, was in force and effect at the time when the plaintiff received her said injuries, and that he is entitled to all of the defenses

he had previous to the passage of said act. The defendant denies all the other allegations in said amended petition not expressly admitted to be true.

Upon the issues thus made by the foregoing pleadings, said cause was submitted to a jury, resulting in a verdict in favor of the plaintiff for the sum of $800. A motion for a new trial having been overruled, judgment was entered on said verdict. A bill of exceptions was taken, containing all the evidence offered upon the trial, including the charge of the trial court, and said cause was brought before this court upon a petition in error for review and for the reversal of said judgment of said court of common pleas.

Said petition in error contains numerous grounds of error alleged for the reversal of said judgment, and while not waiving any, counsel for plaintiff in error specially urged upon this court the following:

1. That the court below erred in overruling the motion of plaintiff in error for a judgment in his favor notwithstanding the verdict of the jury.

2. That said court erred in overruling the motion of the plaintiff in error to arrest said cause from the jury and direct a verdict in favor of the plaintiff in error at the conclusion of plaintiff's case and at the conclusion of the entire case.

3. That said court erred in its refusal to give certain requests made by the plaintiff in error in its charge to the jury, and in giving certain requests on the part of the plaintiff in error in its charge to the jury.

4. That said court erred in its charge to the jury.

5. That the verdict of the jury is against the manifest weight of the evidence and is contrary to law.

Was the general verdict inconsistent with the special findings? It appears that the defendant moved for judgment in his favor upon the special findings of the jury, notwithstanding the general verdict, which motion was overruled by the court, and this action of said court is the first assignment of error complained of.

The interrogatories submitted by the defendant below to be answered by the jury, with the answers, were the following:

"No. 1. Question: Did the defendant furnish to his employes a reasonably safe and convenient way of entering his laundry? Answer: Yes.

"No. 2. Question: If you answer the above interrogatory in the affirmative, then was plaintiff pursuing the way so furnished when she met with the injury complained of? Answer: No, the agent did not take her that way.

"No. 3. Question: Was plaintiff an employe of defendant at the time of the injury? Answer: Yes.

"No. 4. Question: If you answer the interrogatory last above in the affirmative, then was she engaged in the due course of her employment when injured? Answer: Yes.

"No. 5. Question: If you answer the last above interrogatory in the affirmative, then what employment was she engaged in when so injured? Answer: She was answering their call."

Section 11464 of the General Code provides that "When a special finding of facts is inconsistent

with the general verdict, the former will control the latter and the court may give judgment accordingly."

It is claimed that the foregoing special findings of the jury are not consistent with the general verdict, and that therefore the court below erred in overruling the defendant's motion for a verdict in his favor.   The evidence in this case shows that the employes in said laundry entered therein in more than one way; hence, the answer by the jury to the interrogatory submitted would not necessarily mean that the entrance to said laundry through the boiler room was a reasonably safe and convenient way.

In *Davis* v. *Turner,* 69 Ohio St., 101, it is held:

"To be inconsistent with the general verdict as contemplated by Section 5202, Revised Statutes, it must appear that the special findings are irreconcilable, in a legal sense, with the general verdict; and to justify the court in setting aside or disregarding the general verdict on the ground that it is inconsistent with such special findings, the conflict must be clear and irreconcilable."

Are the special findings disclosed in this record inconsistent with the general verdict under the rule laid down in the foregoing case?   We cannot say that they are, and for this reason the contention of the plaintiff in error in this respect is not sustained.

It is argued that the court below erred in overruling the motion of the plaintiff in error at the conclusion of plaintiff's case, and renewed and overruled at the conclusion of the entire case, to arrest said cause from the jury and direct a verdict in favor of the plaintiff in error.   In view of the

argument made by counsel for the plaintiff in error to this court, said motion was undoubtedly based upon the theory that the defendant in error was not in the employ of the plaintiff in error at the time she was injured, or, to state it in legal phrase, the relation of master and servant did not then exist.    That she was injured in the boiler room of the laundry, at the time, in the manner and to the extent alleged in her petition, is fully borne out by the evidence; but the plaintiff in error claimed that she was not in his employ and that she was a tres- passer in said boiler room at said time; that her injuries were due to her own carelessness and neg- ligence, and that he is, therefore, in nowise liable for her injuries.

Was she a trespasser?

It appears that one of the girls in the employ of the plaintiff in error left his service the morning of the accident, and this fact having come to the knowledge of William Larson, a brother of the de- fendant in error, who was then employed in said laundry, he at once applied to the wife of the plaintiff in error, who was authorized to and did employ laundry help, for a position for his sister, the defendant in error, as shown by the following testimony of said William Larson, on page 10 of the bill of exceptions:

"Question:    And what was said between you and Mrs. McDowell relative to the employment of your sister, if anything?

"Objection.    Overruled.    Exception.

"Answer.    There was a girl quit that morning and I went up and asked Mrs. McDowell if she'd give my sister a job now.    Mrs. McDowell said

'Yes; when will she come in?' 'Monday morning.' She said: 'No, go and bring her up right away to go to work;' which I did."

Carrying out Mrs. McDowell's instructions, it appears that the witness, William Larson, at once went to the home of the defendant in error and reported to her what Mrs. McDowell had said, and after changing her apparel—or, stating it in the language of the defendant in error, "I put on working clothes, so I could start to work as soon as I got there"—she then accompanied her brother to the laundry, going in a rear entrance, as the evidence showed, on a brick walk used by the employes in going to said laundry, and stepping into an uncovered barrel of hot water received her said injuries. Under these circumstances, was she a trespasser? The jury undoubtedly found that she was not, and in our judgment they were justified in so finding, for her conduct showed that she had accepted the position tendered to her by the wife of the plaintiff in error through the latter's delegated agent, William Larson, who it appears was conducting her to the place of her employment at the time she received her said injuries. The plaintiff in error contends that the defendant in error wrongfully entered said boiler room, but the jury undoubtedly found, and we think properly, that she was in charge of and under the direction of the agent of the plaintiff in error.

But it is further contended by the plaintiff in error that the defendant in error was not in his employ at the time the latter received her injuries. Employment is one of contract, express or implied. If the jury found that the defendant in

error accepted the proposition made to her by an agent of the plaintiff in error to enter the latter's employment and prepared to enter upon said employment, and at the time when she received her said injuries she was upon the premises of the plaintiff in error, and without fault or negligence on her part she was then and there injured as alleged in her said amended petition, then the jury, under the instructions given by the court below, were warranted in finding that the relation of master and servant did then exist between the plaintiff in error and the defendant in error, and that the plaintiff in error owed to the defendant in error the duty of exercising ordinary care in protecting her from danger and injury while in and upon his premises. She was then subject to his order and direction under the contract for hire already made, and if she was then injured through the carelessness and negligence of the plaintiff in error and without fault on her part, the plaintiff in error would be liable for such injuries.

Before leaving this feature of the case let us inquire how the plaintiff in error regarded the alleged employment of the defendant in error. What was his conduct as shown by the evidence as to how he considered the defendant in error, whether as an employe or otherwise? When the defendant in error was injured he procured medical attention and aid for her and continued to furnish such attention and aid during her entire illness and disability, and paid for it; and when she recovered so as to be able to resume work, she was taken back into his employment without any further or renewed contract and placed upon the

payroll of his laundry employes. We think this circumstance furnishes its own comment. So we think that the court below, in overruling the motion of the plaintiff below at the close of the plaintiff's case, and renewed at the close of the entire case, to arrest the testimony from the jury and direct a verdict for the defendant below, did not err.

But the existence of the relation of master and servant would not alone authorize a recovery by the defendant in error. The burden was upon her to show the existence of the conditions stated in her amended petition and that by reason of these conditions she was injured. These were questions of fact which the jury alone were called upon to solve.

Among the assignments of error in said petition in error is that the court below erred in refusing to give certain requests by the defendant below in its charge to the jury, and that said court erred in giving certain requests on the part of the plaintiff below in its charge to the jury. An examination of the record shows that three requests in writing were submitted by the defendant below, before argument, to be given by said court to the jury, and that they were so given verbatim, and that no other requests, in writing or otherwise, were submitted by said defendant during the trial of said case. Of the requests in writing submitted by the plaintiff below to be given by said court to the jury, before argument, we think that those which were given are not open to the objection made.

It is also argued by the plaintiff in error that the court below erred in its charge to the jury. We

have examined said charge and we not only think that it was exhaustive in its treatment of all the different and many phases of the law arising out of the issues and evidence in the case, but that it correctly states the law in reference thereto. It is not too much to say that said charge is an able and thorough exposition of the law as applied to this case. If further or more explicit instructions were desired by the plaintiff in error they were not requested.

It is also contended by the plaintiff in error that the verdict in this case is manifestly against the weight of the evidence and contrary to law. We have already expressed an opinion as to the effect of the evidence bearing upon certain branches of this case, and as to the remaining facts it is sufficient to say that it was the province of the jury to pass upon them, and having passed upon them we see no good reason as a reviewing court to disturb their finding. It is the judgment of this court, therefore, that said verdict is not against the manifest weight of the evidence, nor is the same contrary to law.

We have also examined the bill of exceptions in reference to the other assignments of error set out in said petition in error, and we find no error prejudicial to the legal rights of the plaintiff in error in the record as to justify a reversal of the judgment of the court below.

The judgment of the court of common pleas will, therefore, be affirmed at the costs of the plaintiff in error.

*Judgment affirmed.*

*Messrs. Bow, Amerman & Mills,* for plaintiff in error.

*Mr. J. A. Jeffers* and *Mr. J. W. Craine,* for defendant in error.