[No. 12306–1–II.  Division Two.  January 18, 1990.]

JEFFREY JOHN OMAITS, *Appellant,* v. JEFFREY WILLIAM RABER, *Respondent.*

*William M. Pease,* for appellant.

*Keith A. Bolton, Edwin J. Snook,* and *Peterson, Lycette & Snook,* for respondent.

WORSWICK, J.—Jeffrey Omaits appeals a summary judgment dismissing his personal injury lawsuit against Jeffrey Raber because of defective service of process. Omaits claims that he complied with the requirements of the nonresident motorist statute (RCW 46.64.040), but that if he did not, Raber nevertheless waived his CR 12(b) defenses. We affirm.

The collision occurred on June 21, 1985, in Kitsap County. Negotiations with Raber's insurer failed to produce a settlement, and Omaits filed his summons and complaint 2 months before the statute of limitations would have expired. Raber was then living in California, so Omaits ventured to serve him under the nonresident motorist statute.[1] Omaits failed to comply with the statutory requirement that he notify Raber that he had served the

---

[1] RCW 46.64.040 appoints the Washington Secretary of State as the lawful attorney for service of summons on residents who have left the state within 3 years after being involved in an accident while driving on the state's highways. It states in part:

> Service of such summons or process shall be made by leaving two copies thereof with a fee of twenty–five dollars with the secretary of state of the state of Washington, or at his office, and such service shall be sufficient and valid personal service upon said resident or nonresident: *Provided,* That notice of such service and a copy of the summons or process is forthwith sent by registered mail with return receipt requested, by plaintiff to the defendant at the last known address of the said defendant, and the plaintiff's affidavit of compliance herewith are appended to the process, together with the affidavit of the plaintiff's attorney that he has with due diligence attempted to serve personal process upon the defendant at all addresses known to him of defendant and further listing in his affidavit the addresses at which he attempted to have process served.

summons and complaint on the Secretary of State on April 21, 1988.

Raber's attorney filed a notice of appearance in Kitsap County Superior Court on May 5, 1988. Thereafter, he served interrogatories on Omaits. Omaits's attorney worked on these through June and July. Meanwhile, the statute of limitations period expired.

Raber moved for summary judgment on August 10, 1988. The court granted the motion, concluding that Raber had not been properly served under the nonresident motorist statute before the expiration of the limitations period and had not waived any of the CR 12(b) process or statute of limitations defenses.

■ Omaits first contends that, while he was not in strict compliance with the statute, he substantially complied, because he sent Raber, Raber's insurer, and the insurer's adjuster not only the summons and complaint but also his affidavit of statutory compliance. Substantial compliance, however, is not enough. Statutes providing for constructive or substituted service must be strictly construed as in derogation of the common law, and RCW 46.64.040 must be strictly adhered to or no jurisdiction is obtained under the statute. *Martin v. Meier,* 111 Wn.2d 471, 479, 760 P.2d 925 (1988). *See also Reynolds v. Richardson,* 53 Wn.2d 82, 330 P.2d 1014 (1958).

■ We also disagree with Omaits's second argument, that Raber waived any process or statute of limitations defenses when his attorney appeared and served interrogatories. There may, indeed, have been a gentler professional time, as Omaits's attorney contends, when "trust, reliance, and courtesy" among personal injury lawyers led to "flexibility with regard to deadlines for answer [and] discovery." Gone, though, are the days recalled by Omaits's attorney, when a general appearance conferred jurisdiction over a defendant. *See Matthies v. Knodel,* 19 Wn. App. 1, 4, 573 P.2d 1332 (1977). Now, a defendant's general appearance does not preclude his right to challenge personal jurisdiction or sufficiency of process. *See* CR 4(d)(5); CR 12(b).

Contrary to Omaits's assertion, the serving of interrogatories does not waive a statute of limitations defense. *Matthies v. Knodel, supra.* Contrary also to Omaits's position, interrogatories are not pleadings. *See* CR 7(a).

■ It is true, as Omaits points out, that Raber never formally answered Omaits's complaint. This does not help Omaits because it is also true that Raber filed no motion before the summary judgment motion that ended this case. Therefore, Raber's attorney followed both CR 8(c), which lists the statute of limitations as an affirmative defense, and CR 12, which provides that process and statute of limitations defenses may be made by motion and are waived only if not included in the responsive pleadings or made in the first motion. *See* CR 12(b), (g), (h)(1).

We do not share Omaits's conception of what is a "timely" CR 12 motion, which he would have us define as one "brought within the time to answer."[2] The Superior Court Civil Rules have no such requirement, and we would not be inclined to amend the rules even if we could.

Omaits did not properly serve Raber; Raber did not waive his CR 12(b) defenses. Summary judgment was proper.

Affirmed.

PETRICH, A.C.J., and PETRIE, J. Pro Tem., concur.

Reconsideration denied March 12, 1990.

Review denied at 114 Wn.2d 1028 (1990).

---

[2]A defendant is not in default until a court finds him in default. Omaits could have proceeded under CR 55 for default, and thus could have forced a motion or answer before expiration of the statute of limitations.