[No. 19542-9-II. Division Two. January 10, 1997.]

LOLITA CLAY, *Appellant,* v. MICHAEL J. PORTIK, ET AL., *Respondents.*

*Cindy L. Burdue,* for appellant.

*Sally Metteer, David M. Jacobi,* and *Wilson, Smith, Cochran & Dickerson,* for respondents.

SEINFELD, J. — Lolita Clay challenges the Secretary of State's interpretation of the nonresident service of process

statute, RCW 46.64.040. We hold that the statute does not require a plaintiff seeking to use the statute to provide the Secretary with the defendant's address or with a certificate of compliance signed by the plaintiff personally, rather than by the plaintiff's attorney. Consequently, we reverse the trial court's dismissal of Clay's action and remand for trial.

## FACTS

On July 6, 1991, Portik drove into Clay's car, injuring her and damaging her vehicle. Clay filed a lawsuit against Portik on June 30, 1994, six days before the running of the three-year statute of limitations. RCW 4.16.080(2). Pursuant to RCW 4.16.170, Clay had an additional 90 days to complete service.

Portik had been residing at 3008 N. Narrows Drive in Tacoma but had moved out of state before Clay was able to serve him. Thus, Clay attempted to serve him by using the nonresident service of process statute, RCW 46.64.040. In accordance with statutory requirements, on September 12, 1994, Clay's attorney mailed two copies of the summons and complaint along with a check for $50 to the Secretary of State's office. The attorney also mailed to Portik at his last known address, via registered mail, return receipt requested, a copy of the summons and complaint, notice of service upon the Secretary, an affidavit signed by the attorney describing the steps taken to comply with RCW 46.64.040, and a "due diligence" affidavit signed by the attorney describing her efforts to locate and personally serve Portik. The post office returned the mailing as "unclaimed."

About 19 days later, the Secretary's office returned Clay's documents and filing fee, explaining that Clay had not complied with RCW 46.64.040 because she had not included Portik's address. By this time, the statute of limitations had run. Clay's attorney later refiled the documents and provided the Secretary with Portik's Narrows Drive address.

Portik moved for summary judgment, asserting lack of personal jurisdiction. He argued that Clay's attempt to use the statute failed in two ways: (1) service was not timely, and (2) her attorney's affidavit of compliance failed to satisfy the statute's requirement. The trial court granted Portik's motion and dismissed the suit. On appeal, Clay argues that RCW 46.64.040 does not (a) require that a plaintiff provide the defendant's address and (b) prohibit a plaintiff's attorney from submitting an affidavit of compliance on behalf of her client.

## ANALYSIS

Under CR 56(c), summary judgment is available only if "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." If, after considering all the evidence, reasonable persons would reach but one conclusion, the moving party is entitled to summary judgment. *Morris v. McNicol,* 83 Wn.2d 491, 494, 519 P.2d 7 (1974). On review, we engage in the same inquiry as the trial court. *Wilson v. Steinbach,* 98 Wn.2d 434, 437, 656 P.2d 1030 (1982). As this is an appeal from the judicial review of an administrative decision, we apply the appropriate standard of review directly to the administrative record. *Keene v. Board of Accountancy,* 77 Wn. App. 849, 853, 894 P.2d 582, *review denied,* 127 Wn.2d 1020 (1995).

Here, the parties do not dispute the facts; the sole issue is the proper interpretation of RCW 46.64.040. We review a legal determination of an administrative agency under an error of law standard. *Jefferson County v. Seattle Yacht Club,* 73 Wn. App. 576, 588, 870 P.2d 987, *review denied,* 124 Wn.2d 1029 (1994). Thus, this court may substitute its judgment for that of the Secretary. *Seattle Yacht Club,* 73 Wn. App. at 588. To obtain relief from the Secretary's action, Clay must show that the Secretary acted beyond his statutory authority in rejecting her filing. RCW 34.05.570. Although we defer to an agency's interpretation of an ambiguous statute that is within its

special expertise, we do not need the agency's expertise to interpret an unambiguous statute; "we will determine the Legislature's intent from the language of the statute alone." *Waste Management of Seattle, Inc. v. Utilities & Transp. Comm'n*, 123 Wn.2d 621, 628-29, 869 P.2d 1034 (1994). Finally, we do not defer to an agency interpretation that is inconsistent with the statute or that decides the scope of its own authority. *Waste Management,* 123 Wn.2d at 628; *Electric Lightwave, Inc., v. Utilities & Transp. Comm'n,* 123 Wn.2d 530, 536-37, 540, 869 P.2d 1045 (1994).

Here, the statute is unambiguous in its lack of a requirement that a plaintiff provide the defendant's address. Thus, we do not defer to the agency regarding this ruling. Further, as the determination of when an attorney may sign for a client is not within the Secretary's special expertise, that ruling is not entitled to deference either.

█ As Clay concedes, we must strictly construe the statute. *Martin v. Meier,* 111 Wn.2d 471, 479, 760 P.2d 925 (1988); *Omaits v. Raber,* 56 Wn. App. 668, 670, 785 P.2d 462, *review denied,* 114 Wn.2d 1028 (1990). RCW 46.64.040 requires in pertinent part:

> [E]ach resident of this state who, while operating a motor vehicle on the public highways of this state, is involved in any accident . . . and thereafter within three years departs from this state appoints the secretary of state of the state of Washington as his or her lawful attorney for service of summons as provided in this section for nonresidents. *Service of such summons or process shall be made by leaving two copies thereof with a fee established by the secretary of state by rule with the secretary of state. . .or at the secretary of state's office, and such service shall be sufficient and valid personal service upon said resident or nonresident:* PROVIDED, That notice of such service and a copy of the summons or process is forthwith sent by registered mail with return receipt requested, by plaintiff to the defendant at the last known address of the said defendant, and the plaintiff's affidavit of compliance herewith are appended to the process, together with the affidavit of the plaintiff's attorney that the attorney

has with due diligence attempted to serve personal process upon the defendant at all addresses known to him or her of defendant and further listing in his or her affidavit the addresses at which he or she attempted to have process served. However, if process is forwarded by registered mail and defendant's endorsed receipt is received and entered as a part of the return of process then the foregoing affidavit of plaintiff's attorney need only show that the defendant received personal delivery by mail: PROVIDED FURTHER, That personal service outside of this state in accordance with the provisions of law relating to personal service of summons outside of this state shall relieve the plaintiff from mailing a copy of the summons or process by registered mail as hereinbefore provided. *The secretary of state shall forthwith send one of such copies by mail, postage prepaid, addressed to the defendant at the defendant's address, if known to the secretary of state.*

(Emphasis added.)

## DEFENDANT'S ADDRESS

■ To perfect service of process under this statute, the plaintiff must: (1) deliver two copies of the summons to the Secretary of State with the required fee; (2) either personally serve the defendant with a copy of the summons and notice of service on the Secretary or send the same documents by registered mail, return receipt requested to the defendant at his last known address; (3) file an affidavit of compliance with the court; and (4) if the defendant was served by registered mail, file an affidavit of due diligence with the court. RCW 46.64.040; 9 DAVID E. BRESKIN & MARGARET L. BARBIER, WASHINGTON PRACTICE, *Civil Procedure Forms* §§ 4.46, .47 (2d ed. 1990). Clay's attorney completed each of these requirements.

Citing *Brown v. ProWest Trans. Ltd.,* 76 Wn. App. 412, 421, 886 P.2d 223 (1994), Portik argues that the Secretary's address requirement is proper. We disagree, finding *Brown* to be inapplicable and further finding no requirement in the statute that a plaintiff supply the Secretary with the defendant's address.

▮ The *Brown* court was called upon to decide whether an attempted filing with the Secretary tolled the statute of limitations. Brown had been unable to obtain any address for the defendant. Thus, Brown could not comply with the statutory requirement that he mail a copy of the summons and complaint to the defendant's last known address. Accordingly, the *Brown* court concluded that the nonresident motorist statute was not available for Brown's use. Although the *Brown* court, 76 Wn. App. at 421, stated in passing that "RCW 46.64.040 . . . requires an address to be provided . . .," that statement was not dispositive of the case and, thus, is not controlling. *Electric Lightwave,* 123 Wn.2d at 541 ("doctrine of stare decisis does not apply to language which is unnecessary to conclusion reached" (citing *State ex rel. Todd v. Yelle,* 7 Wn.2d 443, 110 P.2d 162 (1941))).

Nor does *Brown* specify to whom the address must "be provided." Assuming it was referring to the Secretary, the statement is inconsistent with the statute. Not only is the statute silent as to the need to supply an address, the last sentence of RCW 46.64.040 suggests the contrary. It states that the Secretary shall send copies to the defendant "at the defendant's address, *if known* to the secretary of state." (Emphasis added.) That clearly indicates a legislative intent that substituted service be available even where the plaintiff has not furnished the Secretary with an address. *See Martin,* 111 Wn.2d 471 (statutory language indicates that state's interest in regulating highways for protection of persons within the state not dependent on defendant's actual location).

Finding that the Secretary lacked a statutory basis to demand an address, we conclude that he acted beyond the authority of his office. Thus, the trial court erred in granting summary judgment on this basis.

## AFFIDAVIT OF COMPLIANCE

▮ Portik also claimed the affidavit of compliance was insufficient because Clay's attorney signed it on Clay's

behalf instead of having Clay sign it personally. He contrasts the statute's reference to the "plaintiff's affidavit of compliance," with its later reference to the "affidavit of the plaintiff's attorney" showing due diligence to serve the defendant personally. RCW 46.64.040. As Portik notes, the Legislature's use of different words in a statute often indicates a different intent. *In re Swanson,* 115 Wn.2d 21, 27, 793 P.2d 962, 804 P.2d 1 (1990). But such is not the case here.

 First, we note that the term "plaintiff" was used in the original statute that the Legislature enacted in 1961, but the term "plaintiff's attorney" was not added until 10 years later when the Legislature amended the proviso. LAWS OF 1971, 1st Ex. Sess., ch. 69, § 1. The term plaintiff has generally been accepted as referring to the plaintiff personally or the plaintiff's counsel because an attorney has full power to represent her client in all matters of practice. *Furman v. Bon Marche,* 71 Wash. 238, 239-40, 128 P. 210 (1912); *see Martin,* 111 Wn.2d at 474 (discussing the same statute, the court noted, without comment, that "Plaintiff's attorney filed an affidavit of compliance . . ."). An attorney appearing on behalf of her client is her client's representative and is presumed to speak and act on her behalf. *State v. Peeler,* 7 Wn. App. 270, 274, 499 P.2d 90 (1972) (counsel's signature on statement consenting to separation of jury without client's signature is binding). Accordingly, an attorney's procedural acts accomplished in the regular conduct of her client's case are considered those of her client and are binding on her client. *Peeler,* 7 Wn. App. at 274.

 An affidavit is a written declaration of facts, voluntarily made, and confirmed by the oath of the party making it. BLACK'S LAW DICTIONARY 58 (6th ed. 1990). Here, the affidavit at issue requires a declaration that the party bringing the action has complied with the procedural requirements of the statute. Since an attorney is presumed to act on behalf of her client in all procedural matters, it follows then, that under this statute, the attorney's signature is proper.

Nor do we find any policy support for Portik's argument. Rather, the actions required by the statute are those that generally would be performed by an attorney, as was the case here. Thus, the attorney, rather than the client, has the personal knowledge needed to attest to their accomplishment. The attorney's affidavit best satisfies the Legislature's intent that there be proof of compliance by a responsible person.

Consequently, we reverse the trial court's dismissal and remand the case for trial.

BRIDGEWATER and ARMSTRONG, JJ., concur.