2015 JUN 29 AM 10: 20
COURT OF APPEALS DIV 1

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| MARK HEINZIG and JANE DOE HEINZIG, and their marital community, | ) ) ) | DIVISION ONE |
| Appellants, | ) ) | No. 72269-7-I |
| v. | ) ) ) | UNPUBLISHED OPINION |
| SEOK HWANG and JANE/JOHN DOE HWANG, and their marital community, | ) ) ) | |
| Respondents. | ) ) ) | FILED: June 29, 2015 |

DWYER, J. — Following a motor vehicle collision with Seok Hwang, Mark Heinzig commenced a lawsuit against Hwang and, subsequently, sought to accomplish substituted service of process pursuant to Washington's nonresident motorist act, RCW 46.64.040. Heinzig failed, though, to strictly comply with the procedural requirements contained in RCW 46.64.040 before the applicable statutory limitation period expired. Thus, when Hwang later brought a motion to dismiss, alleging insufficient service of process, the trial court properly granted the motion and dismissed Heinzig's complaint. Finding no error in the trial court proceedings, we affirm.

I

On June 5, 2010, Heinzig was involved in a motor vehicle collision with Hwang. The collision occurred in Lynwood, Washington.

On May 13, 2013, Heinzig initiated a lawsuit against Hwang in Snohomish County Superior Court. In the complaint, Heinzig alleged that he had suffered injury as a result of Hwang's negligence in operating a motor vehicle. Upon filing of the complaint, the three-year statutory limitation period was tolled for 90 days, so long as valid service of process was effected on Hwang within the 90-day period. RCW 4.16.170.[1]

On May 14, copies of the summons and complaint were provided to a professional process service company, North Sound Due Process, LLC. Registered process server Debra Gorecki made three unsuccessful attempts to effect service upon Hwang. Thereafter, Gorecki prepared and signed a "Declaration of Diligence," in which she detailed her attempts to serve Hwang.

On May 17, a staff member of Heinzig's attorney's office sent an e-mail to Hwang's attorney, attached to which were copies of the summons and complaint. The e-mail included the following statement: "As requested, here is the complaint for Mark Heinzig." Hwang's attorney replied, "Got it. Thanks." Later that day, the same staff member sent another e-mail to Hwang's attorney, which stated, "attached is the filed copy." Hwang's attorney replied, "Thanks."

On May 22, Hwang's attorney filed a notice of appearance.

On June 4, Heinzig's attorney mailed two copies of the summons and

---

[1] This provision provides, in part, for the following:
For the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served whichever comes first. If service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served . . . within ninety days from the date of filing the complaint. . . . If following . . . filing, service is not so made, the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations.

complaint to the Washington secretary of state. Included in this mailing was a letter written by Heinzig's attorney, wherein he informed the secretary of state of the fruitless attempts to serve Hwang in Washington and provided Hwang's last known address. Also included in the mailing was Gorecki's "Declaration of Diligence." All of this was done in an attempt to effect service of process on Hwang pursuant to RCW 46.64.040.

A staff member of the secretary of state's office, in a letter to Heinzig's attorney, confirmed that Heinzig's mailing had been received on June 7. The staff member informed Heinzig that a copy of the received documents had been mailed to Hwang's last known address on June 10.[2] The mailing sent from the secretary of state to Hwang's last known address was returned as undeliverable.

On January 30, 2014, Hwang filed a CR 12(b) motion to dismiss the complaint. Therein, Hwang asserted that he had never been personally served, that Heinzig had failed to accomplish substituted service pursuant to RCW 46.64.040, and that the applicable statute of limitation had run. With regard to Heinzig's attempt to effect substituted service, Hwang contended that Heinzig had failed to adhere to two statutory requirements: (1) sending notice by registered mail to Hwang of service upon the secretary of state, and (2) attaching to that mailing an affidavit of due diligence signed by his attorney and certifying that attempts had been made to serve Hwang personally.

In an April 3 memorandum decision, the trial court ruled in Hwang's favor.

---

[2] On June 12, a staff member of Heinzig's attorney's office e-mailed Hwang's attorney and attached a copy of the letter sent from the secretary of state's office to Heinzig's attorney.

The court ruled that Heinzig's failure to send a "letter with summons and complaint" to Hwang by registered mail rendered Heinzig's attempt at effecting substitute service ineffective. In so ruling, the court declined to hold that Hwang had waived the defense of insufficient service of process. The court's reasons for doing so are set forth in some detail below.

(3) The agreed facts, as a matter of law, cannot support a finding of waiver for the following reasons:

a. The statute of limitations ran on August 11, 2013, and assuming the Secretary of State sent the letter on June 10, even if service had been proper, defendant's answer would not have been due for 60 days plus potentially 3 days for mailing. Even if defendant answered timely at the end of 60 days and asserted improper service, there would have been insufficient time to remedy the service defect.

b. The defendant did not answer or conduct discovery or file other pleadings and fail[ed] to raise insufficiency of process. No other pleadings have been filed and no discovery conducted.

c. There is no evidence presented that defendant or defense counsel conducted negotiations or participated in other actions to lead plaintiff to believe the case was headed toward trial and litigation.

d. There is no evidence that defense counsel knew or had any facts or way to know of the particular defect in service before the statute of limitations ran. As the information sent to defense counsel showing service by the Secretary of State would have shown the letter from the Secretary of State and any letter from defense counsel went to a bad address, the defense could not have known the failure of the defendant to receive a registered letter from the defense counsel meant no such letter was sent. The defense reasonably could assume the letter was simply returned to the plaintiff as undeliverable.

e. The mere passage of time before bringing the action to dismiss after the statute of limitations [h]as run is not necessarily enough to constitute waiver. Compare, Harvey v. Obermeit, [163 Wn. App. 311, 261 P.3d 671 (2011)] supra. (Waiver was not found, although defendant did not advise plaintiff of service of process issue in the 90 day service period before statute of limitations ran and did not file

-4-

motion to dismiss until 6.5 months after the lawsuit was filed.)

On July 3, the court entered an order granting Hwang's motion to dismiss on the basis that service of process had not been accomplished before expiration of the applicable statutory limitation period.

Heinzig appeals.

## II

Heinzig contends that the trial court erred in holding that his attempt to accomplish substituted service pursuant to RCW 46.64.040 was ineffective. Contrary to the court's conclusion, he maintains that he "sufficiently complied" with the statute's procedural requirements. Only strict compliance, however, could permit jurisdiction to be obtained over Hwang. Thus, appellate relief is unwarranted.

"Proper service of the summons and complaint is a prerequisite to a court's obtaining jurisdiction over a party." Harvey v. Obermeit, 163 Wn. App. 311, 318, 261 P.3d 671 (2011). Whether service of process was proper is a question of law that this court reviews de novo. Goettmoeller v. Twist, 161 Wn. App. 103, 107, 253 P.3d 405 (2011).

As noted, RCW 46.64.040 is Washington's nonresident motorist act. Generally speaking, it allows for substituted service on the Washington secretary of state when the person intended to be served is not an inhabitant of or cannot be found within Washington. It provides,

The acceptance by a nonresident of the rights and privileges conferred by law in the use of the public highways of this state, as

evidenced by his or her operation of a vehicle thereon, or the operation thereon of his or her vehicle with his or her consent, express or implied, shall be deemed equivalent to and construed to be an appointment by such nonresident of the secretary of state of the state of Washington to be his or her true and lawful attorney upon whom may be served all lawful summons and processes against him or her growing out of any accident, collision, or liability in which such nonresident may be involved while operating a vehicle upon the public highways, or while his or her vehicle is being operated thereon with his or her consent, express or implied, and such operation and acceptance shall be a signification of the nonresident's agreement that any summons or process against him or her which is so served shall be of the same legal force and validity as if served on the nonresident personally within the state of Washington. Likewise each resident of this state who, while operating a motor vehicle on the public highways of this state, is involved in any accident, collision, or liability and thereafter at any time within the following three years cannot, after a due and diligent search, be found in this state appoints the secretary of state of the state of Washington as his or her lawful attorney for service of summons as provided in this section for nonresidents. Service of such summons or process shall be made by leaving two copies thereof with a fee established by the secretary of state by rule with the secretary of state of the state of Washington, or at the secretary of state's office, and such service shall be sufficient and valid personal service upon said resident or nonresident: PROVIDED, That notice of such service and a copy of the summons or process is forthwith sent by registered mail with return receipt requested, by plaintiff to the defendant at the last known address of the said defendant, and the plaintiff's affidavit of compliance herewith are appended to the process, together with the affidavit of the plaintiff's attorney that the attorney has with due diligence attempted to serve personal process upon the defendant at all addresses known to him or her of defendant and further listing in his or her affidavit the addresses at which he or she attempted to have process served. However, if process is forwarded by registered mail and defendant's endorsed receipt is received and entered as a part of the return of process then the foregoing affidavit of plaintiff's attorney need only show that the defendant received personal delivery by mail: PROVIDED FURTHER, That personal service outside of this state in accordance with the provisions of law relating to personal service of summons outside of this state shall relieve the plaintiff from mailing a copy of the summons or process by registered mail as hereinbefore provided. The secretary of state shall forthwith send one of such copies by mail, postage prepaid,

- 6 -

addressed to the defendant at the defendant's address, if known to the secretary of state. The court in which the action is brought may order such continuances as may be necessary to afford the defendant reasonable opportunity to defend the action. The fee paid by the plaintiff to the secretary of state shall be taxed as part of his or her costs if he or she prevails in the action. The secretary of state shall keep a record of all such summons and processes, which shall show the day of service.

RCW 46.64.040.

Our Supreme Court has made known that only strict procedural compliance with the requirements of RCW 46.64.040 will permit personal jurisdiction to be obtained over a nonresident defendant. Martin v. Triol, 121 Wn.2d 135, 144, 847 P.2d 471 (1993); see also Harvey, 163 Wn. App. at 318; Omaits v. Raber, 56 Wn. App. 668, 670, 785 P.2d 462 (1990). A plaintiff's failure to adhere to the statute's procedures for notifying the defendant that process has been served on the secretary renders service on the secretary a nullity. Omaits, 56 Wn. App. at 670.

The statutory procedure for notifying a defendant that process has been served on the secretary requires the plaintiff to (1) either personally serve the defendant with a copy of the summons and notice of service on the secretary or send the same documents by registered mail, return receipt requested, to the defendant's last known address, and (2) append to the mailing an affidavit of compliance with the statute signed by the plaintiff and an affidavit of due diligence signed by the plaintiff's attorney and certifying that attempts were made to serve the defendant personally. RCW 46.64.040; Keithly v. Sanders, 170 Wn. App. 683, 688-90, 285 P.3d 225 (2012). But see Clay v. Portik, 84 Wn. App.

553, 559, 929 P.2d 1132 (1997) (requiring only that the affidavits be filed with the court).[3]

Heinzig failed to adhere to this procedure. Nevertheless, he contends that he "sufficiently complied" with RCW 46.64.040. This is so, he asserts, because he "caused the necessary documents" to be mailed to Hwang's last known address by the secretary of state, which, he maintains, satisfied the statute's purpose of providing notice to Hwang of service on the secretary. In other words, Heinzig takes the position that, so long as Hwang received notice by mail of service on the secretary, the requirements of RCW 46.64.040 were met.

Heinzig relies primarily on Clay.[4] The issue in Clay, however, was whether the plaintiff's affidavit of compliance was insufficient by virtue of being signed by the plaintiff's attorney, but not by the plaintiff herself. 84 Wn. App. at 560-61. The court held that an affidavit of compliance may be signed by either the plaintiff or the plaintiff's attorney. Clay, 84 Wn. App. at 561-62. "Since an attorney is presumed to act on behalf of her client in all procedural matters," the court observed, "it follows then, that under this statute, the attorney's signature is proper." Clay, 84 Wn. App. at 561. Indeed, because "the actions required by the statute are those that generally would be performed by an attorney," the court reasoned that the attorney's signature "best satisfies the Legislature's intent that

---

[3] There is no evidence in the record that Heinzig's attorney filed with the court an affidavit of due diligence certifying that attempts were made to serve the defendant personally.

[4] Heinzig also relies on Sheldon v. Fettig, 129 Wn.2d 601, 919 P.2d 1209 (1996), and Wichert v. Cardwell, 117 Wn.2d 148, 812 P.2d 858 (1991), in an effort to support his position that the nonresident motorist act must be construed liberally. Neither decision interpreted Washington's nonresident motorist act.

there be proof of compliance by a responsible person." Clay, 84 Wn. App. at 562.

Clay was an acknowledgment of the unique relationship between attorney and client. The secretary of state, however, is not Heinzig's attorney. Nor is the registered process server. The secretary could not, whether by action or inaction, have relieved Heinzig of his statutory duty. In much the same way, the process server could not have substituted for Heinzig's attorney in certifying that attempts had been made to serve Hwang personally. Because Heinzig failed to strictly comply with RCW 46.64.040, service of process was not effected. Given that the statute of limitation expired on August 12, 2013, the trial court did not err in granting Hwang's January 30, 2014 motion to dismiss the complaint.

III

Heinzig next contends that Hwang waived his defense of insufficient process. According to Heinzig, waiver occurred as a result of the delay between the supposed service upon the secretary of state in June 2013 and Hwang's motion to dismiss in January 2014. We disagree.

"The defense of insufficient service of process is waived if not asserted in a responsive pleading or motion under CR 12(b)(5)." Harvey, 163 Wn. App. at 323 (citing French v. Gabriel, 116 Wn.2d 584, 588, 806 P.2d 1234 (1991)). This defense may also be waived "if '(1) assertion of the defense is inconsistent with defendant's prior behavior or (2) the defendant has been dilatory in asserting the defense.'" Harvey, 163 Wn. App. at 323 (quoting King v. Snohomish County, 146 Wn.2d 420, 424, 47 P.3d 563 (2002)). Significantly, though, in order for the

- 9 -

waiver doctrine to be applied, the defendant's actions must have caused prejudice to the plaintiff. Oltman v. Holland Am. Line USA, Inc., 163 Wn.2d 236, 246-47, 178 P.3d 981 (2008).

Hwang raised the defense of insufficient service of process by motion, which was filed after the time period in which he was permitted to file an answer had expired. While Heinzig concedes that Hwang did not waive this defense solely by virtue of raising it after the time to file an answer had expired,[5] Heinzig nevertheless contends that waiver occurred as a result of the length of delay between filing the complaint and raising the defense which, he maintains, amounted to dilatory conduct. Heinzig's contention is unconvincing but, ultimately, unnecessary to address. This is so because Heinzig is unable to show that he was prejudiced by any delay.

Assuming, for the sake of argument, that substituted service was accomplished pursuant to RCW 46.64.040, the date that service became effective was June 10, 2013, when notice of service upon the secretary was mailed to Hwang's last known address. See, e.g., Keithly, 170 Wn. App. at 688 ("[B]oth service of two copies of the summons on the secretary of state *and* mailing of notice of such service . . . must be accomplished to effect proper service."). Hence, the time period in which Hwang could have, had he chosen to

---

[5] This concession is well taken, given that the court in Omaits rejected a proposed definition of a "'timely'" CR 12 motion "as one 'brought within the time to answer.'" 56 Wn. App. at 671; cf. Oltman, 163 Wn.2d at 244 ("Nothing in [CR 12(h)(1)] or the state cases supports the conclusion that asserting an affirmative defense in an untimely answer constitutes waiver.").

On the other hand, filing an answer within the period allowed by law cannot be considered dilatory conduct.

do so, filed an answer began on June 11[6] and ended on August 15. CR 12(a)(3) ("A defendant shall serve an answer within the following periods: . . . Within 60 days after the service of the summons upon the defendant if the summons is served . . . on the Secretary of State as provided by RCW 46.64.040."). Admittedly, the 60th calendar day fell on August 10. However, because August 10 was a Saturday and August 11 was a Sunday, and because notice of service had been mailed to Hwang, he was entitled, by rule, to file an answer three days after the first weekday following August 10. Compare CR 6(a) ("The last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, a Sunday nor a legal holiday."), with CR 6(e) ("Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period."), and In re Estate of Toth, 138 Wn.2d 650, 654, 981 P.2d 439 (1999) ("CR 6(e) operates to toll the response time only in cases in which a party is required to respond within a certain time after being served or notified.").

The statute of limitation on Heinzig's claim expired on August 12. Accordingly, Hwang could have raised the defense of insufficient service of process in a timely answer on or after the day on which the statutory limitation

---

[6] "In computing any period of time prescribed or allowed by these rules, by the local rules of any superior court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included." CR 6(a).

period expired. Had Hwang done so, Heinzig would have been unable to cure the service defect. Confronted with a similar scenario, our Supreme Court held that prejudice could not be demonstrated. Oltman, 163 Wn.2d at 246-47. In accordance with that decision, we hold that Heinzig cannot show that he was prejudiced by the mere passage of time in asserting the defense. Absent a showing of prejudice, we decline to hold that Heinzig waived the defense of insufficient service of process.

Affirmed.

We concur: