2016 NOV -7 A: 8: 56


# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| SHANTA STEGER, | ) | No. 75647-8-I |
| | ) | |
| Appellant/Cross Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| JANICE TURNER, | ) | |
| | ) | |
| Respondent/Cross Appellant, | ) | |
| | ) | |
| DONALD LUCE, | ) | |
| | ) | |
| Defendant. | ) | FILED: November 7, 2016 |
| | ) | |

APPELWICK, J. — This case involves the nature of strict compliance with RCW 46.64.040's requirements for substituted service. Steger signed and served the required declaration of compliance with the substituted service statute, but it was not dated. The trial court dismissed the suit for lack of effective service. On these facts, Steger's substantial compliance with the declaration statute did not result in a failure of strict compliance with the substituted service statute. We reverse and remand for trial.

FACTS

Shanta Steger and Janice Turner were involved in a car accident on July 20, 2012. On July 14, 2015, Steger filed a complaint for damages and personal injuries against Turner.[1]

Between July 18, 2015 and August 9, 2015, Steger attempted to serve Turner a total of 10 times. None of these attempts was successful. Steger resorted to substituted service under RCW 46.64.040. She sent the summons and complaint to the secretary of state. Steger also sent the summons, complaint, notice of service on the secretary of state, declaration of compliance, and affidavit of due diligence to Turner by certified mail, return receipt requested. Turner's husband signed the return receipt on August 26, 2015.

On November 6, 2015, Turner moved for summary judgment. She alleged that the case should be dismissed, because the statute of limitations expired before the case was commenced. She asserted this was so, because Steger failed to properly serve her.

The trial court granted summary judgment on the basis that Steger failed to properly execute and serve the affidavit of compliance. Steger's declaration of compliance was not dated. The court concluded that without the date, the declaration did not qualify as a sworn statement. And, without the affidavit of

---

[1] On August 14, 2015, Steger amended the complaint to add Donald Luce as a defendant. Luce is not a party on appeal.

compliance, Steger had failed to serve Turner, so her suit was not commenced within the statute of limitations. Steger appeals.[2]

## DISCUSSION

Steger asserts that the trial court erred in dismissing her complaint for lack of proper service. She urges us to adopt a practical solution rather than dismiss the case on a technicality.

For a court to obtain jurisdiction over a party, there must be proper service of the summons and complaint. Heinzig v. Hwang, 189 Wn. App. 304, 310, 354 P.3d 943 (2015), review denied, 184 Wn.2d 1036, 379 P.3d 952 (2016). We review de novo whether service of process was proper. Id.

Washington's nonresident motorist act, RCW 46.64.040, permits substituted service on the Washington secretary of state when the person to be served does not reside in or cannot be found within Washington. It provides, in part,

> Likewise each resident of this state who, while operating a motor vehicle on the public highways of this state, is involved in any accident, collision, or liability and thereafter at any time within the following three years cannot, after a due and diligent search, be found in this state appoints the secretary of state of the state of Washington as his or her lawful attorney for service of summons as provided in this section for nonresidents. Service of such summons or process shall be made by leaving two copies thereof with a fee established by the secretary of state by rule with the secretary of state of the state of Washington, or at the secretary of state's office, and such service shall be sufficient and valid personal service upon said resident or nonresident: PROVIDED, That notice of such service and a copy of the summons or process is forthwith sent by registered mail with return receipt requested, by plaintiff to the defendant at the last known address of the said defendant, and the plaintiff's affidavit

---

[2] Turner filed a cross appeal due to the trial court's denial of her other theories to support summary judgment.

3

of compliance herewith are appended to the process, together with the affidavit of the plaintiff's attorney that the attorney has with due diligence attempted to serve personal process upon the defendant at all addresses known to him or her of defendant and further listing in his or her affidavit the addresses at which he or she attempted to have process served. However, if process is forwarded by registered mail and defendant's endorsed receipt is received and entered as a part of the return of process then the foregoing affidavit of plaintiff's attorney need only show that the defendant received personal delivery by mail.

Id.

RCW 46.64.040 specifies the procedure that must be followed when serving the secretary of state. The plaintiff must either personally serve the defendant with the summons and notice of service on the secretary of state, or send the documents by registered mail to the defendant's last known address, with return receipt requested. Heinzig, 189 Wn. App. at 312. The plaintiff must also attach the plaintiff's signed affidavit of compliance and the plaintiff's attorney's affidavit of due diligence that certifies attempts were made to serve the defendant personally.

Id.

Washington courts have determined that strict procedural compliance with RCW 46.64.040 is necessary. Heinzig, 189 Wn. App. at 311; Keithly v. Sanders, 170 Wn. App. 683, 687-88, 285 P.3d 225 (2012). If the plaintiff fails to adhere to the statute's procedures for notifying the defendant that process has been served on the secretary of state, service is rendered a nullity. Heinzig, 189 Wn. App. at 312; see Omaits v. Raber, 56 Wn. App. 668, 670, 785 P.2d 462 (1990).

Here, Steger complied with RCW 46.64.040. She first made due and diligent attempts to personally serve Turner. Process servers attempted to serve Turner at the address listed in the accident report on 10 separate occasions. At

4

times varying from 8:21 a.m. to 6:27 p.m., they knocked on the door, but received no response. While Turner argues that 10 attempts at service were insufficient, we disagree. Due diligence under RCW 46.64.040 means that the plaintiff must make honest and reasonable efforts to locate the defendant. Martin v. Triol, 121 Wn.2d 135, 150, 847 P.2d 471 (1993). We conclude that Steger's attempts to serve Turner met this threshold.

After these unsuccessful attempts at personal service, Steger followed RCW 46.64.040's steps for substituted service on the secretary of state.[3] She sent the summons, complaint, and notice of service on the secretary of state to Turner's last known address by certified mail, return receipt requested. She included her declaration of compliance. She also included her attorney's affidavit of due diligence.

Thus, we must decide whether a declaration that is not in strict compliance with the declaration statute, RCW 9A.72.085, strictly complies with RCW 46.64.040. Under RCW 9A.72.085(1), an unsworn statement such as the one Steger provided can be used in place of a sworn statement if certain requirements

---

[3] Turner argues that under Clay v. Portik, 84 Wn. App. 553, 929 P.2d 1132 (1997), Steger was also required to file an affidavit of compliance and an affidavit of due diligence with the court. She argues that Steger's failure to do so constitutes an independent basis for dismissal.

This court stated in Clay that a plaintiff must file an affidavit of compliance and an affidavit of due diligence with the court to perfect service of process under RCW 46.64.040. 84 Wn. App. at 559. But, we have since held that the statute does not require a plaintiff to file an affidavit of compliance with the court. James v. McMurry, 195 Wn. App. 144, 154, 380 P.3d 591 (2016). We apply the language of the statute and conclude that Steger was not required to file an affidavit of compliance or affidavit of due diligence with the trial court.

are met. The unsworn statement must: (1) state that it is certified or declared to be true under penalty of perjury, (2) be subscribed by the person, (3) state the date and place of execution, and (4) state that it is certified or declared under the laws of the state of Washington. Id.

Turner alleges that Steger's signed statement of compliance fails to meet these requirements, because it is not dated. But, Turner does not challenge the substance of the declaration. She does not contend that the facts related to mailing are false. And, she admits that she received the summons, complaint, notice of service on the secretary of state, declaration, and affidavit of due diligence. There is no question that she received the documents before the statute of limitations expired, as her husband signed the return receipt for these documents on August 26, 2015. Steger signed the declaration and certified under penalty of perjury that its contents were true. And, the declaration was included in the documents that Steger mailed to Turner on August 18, 2015. Therefore, the declaration must have been executed on or about August 18, 2015, the mailing date. With these facts in mind, the lack of a date on the declaration is not a failure to follow the procedure of RCW 46.64.040.

We have previously held that substantial compliance with RCW 9A.72.085 may be adequate. See Johnson v. King County, 148 Wn. App. 220, 225, 229, 230, 198 P.3d 546 (2009) (holding that strict compliance with the requirements for unsworn statements is not a condition precedent to complying with the claim filing statute); Manius v. Boyd, 111 Wn. App. 764, 766, 780, 47 P.3d 145 (2002) (holding there was sufficient proof of service by mail of a postarbitration request for a trial

de novo, where the certificate of service did not include the place of signing). The failure to comply with RCW 9A.72.085—the absence of the date of signing—would not render the penalty of perjury provision of the declaration statute ineffectual on these facts. Accordingly, the signed declaration substantially complied with the declaration statute.

We conclude that Steger's technical defect in the declaration does not result in a service defect under RCW 46.64.040. Therefore, the trial court erred in dismissing Steger's suit due to insufficient service of process.

We reverse and remand for trial.

WE CONCUR: