# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| MARK MULDER, a single person,<br><br>          Appellant,<br><br>          v.<br><br>KRISTINA MARIE WARD, JOHN DOE WARD, and the marital community comprised thereof,<br><br>          Respondent. | DIVISION ONE<br><br>No. 82068-1-I<br><br>UNPUBLISHED OPINION |

DWYER, J. — Mark Mulder appeals from the trial court's order granting Kristina Ward's motion to dismiss for insufficient service of process. Mulder asserts that the trial court erred by determining that (1) Ward was not served, (2) Ward did not waive the defense of insufficient service, and (3) Ward was not equitably estopped from asserting the defense of insufficient service. Finding no error, we affirm.

I

Mark Mulder and Kristina Ward[1] were involved in an automobile collision on May 5, 2016. Mulder filed a complaint for damages against Ward on March 29, 2019. Mulder's filing on March 29, 2019 commenced a 90-day tolling period of the three year statute of limitations, extending the time for proper service to June 27, 2019. RCW 4.16.080; RCW 4.16.170.

---

[1] Kristina Ward changed her name upon marriage and is now known as Kristina Freeman. For consistency with the case caption, we refer to her as Ward in this opinion.

On May 2, 2019, Ward received and signed for a package delivered by certified mail containing Mulder's discovery requests. The package was addressed to 839 South Prospect Street.

Mulder filed a return of service on May 3, 2019, which included Autumn Mills' declaration that she had personally served Ward on April 20, 2019 at 3:46 p.m. at 839 South Prospect Street.

On May 7, 2019, Ward's counsel filed a notice of appearance. He spoke with Ward for the first time on May 30. Ward's counsel then sent standard discovery requests to Mulder on June 6, 2019. This was followed by revised discovery requests on June 17, 2019 that included questions pertaining to service of process.

On June 26, 2019, the final day before the tolling period ended, Ward filed an answer that raised the affirmative defense of insufficient service of process. On July 19, 2019, Ward filed a motion to dismiss for failure to commence suit within the applicable statutory limitation period.

The trial court held an evidentiary hearing on December 6, 2019. At the evidentiary hearing, Todd Taylor testified about his attempt to serve Ward. According to Taylor, he went to the address listed on the police report, 824 South L Street. He knocked on the door, and a woman who claimed to be Ward's sister answered and informed him that Ward lived at 839 South Prospect Street. Taylor went to 839 South Prospect Street, a duplex, and knocked on one of the doors. A man answered one door, and Taylor asked him if "Kristina" lived there. The man informed Taylor that she lived next door.

Autumn Mills testified that after being given the address by Taylor, she personally served a woman at 839 South Prospect Street. The woman that Mills served informed Mills that there was nobody there by the name Kristina Ward. However, Mills testified that the woman she had served was Ward, who she had just seen in court. Mills explained that after she became aware that there was "an issue with service," she had looked at photos of Ward on a social media website, and that the person depicted in the photos, the woman she saw in court, and the woman she served were all the same person.

Ward testified that she was not served on April 20, 2019. Further, Ward testified that she had lived at 833 South Prospect Street since July of 2017, and had never lived or even been inside the building at 839 South Prospect Street. Ward testified that she has no sisters, and that her several sisters-in-law live in other states. Ward explained that the package containing discovery materials that she received by certified mail and signed for—although incorrectly addressed to 839 South Prospect Street—was brought to her correct address, 833 South Prospect Street by a mail carrier who knew her and recognized her name.

Ward also provided the trial court with her driver's license (issued in 2018), her voter registration card, and a 2018 tax form indicating that her address is 833 South Prospect Street.

Michael Anderson, a private investigator testified that his research indicated that (1) an individual named Edward Bronstad resided at 839 South Prospect Street in Unit A, and (2) a woman named Kristi Landles was

3

"associated with" Bronstad had resided at that address at some point, at least through May of 2017.

The trial court was not persuaded that Ward had been served, and granted her motion to dismiss.

Mulder appeals.

II

"Proper service of the summons and complaint is a prerequisite to the court obtaining jurisdiction over a party, and a judgment entered without such jurisdiction is void." Woodruff v. Spence, 76 Wn. App. 207, 209, 883 P.2d 936 (1994). Service may be accomplished by serving the summons on the defendant personally, or by "leaving a copy of the summons at the house of his or her usual abode with some person of suitable age and discretion then resident herein." RCW 4.28.080 (16).

When the key facts are stipulated to, agreed, or otherwise not in dispute, whether service of process was proper is a pure question of law that we review de novo. Heinzig v. Seok Hwang, 189 Wn. App. 304, 310, 354 P.3d 943 (2015). However, when the facts are disputed, the plaintiff bears the initial burden to prove a prima facie case of sufficient service. Scanlan v. Townsend, 181 Wn.2d 838, 847, 336 P.3d 1155 (2014). This can be accomplished by filing a return of service. Scanlan, 181 Wn.2d at 847-48; CR 4 (g). When that initial burden has been met, the party challenging service must demonstrate by clear and convincing evidence that service was improper. Scanlan, 181 Wn.2d at 847.

4

Mulder appears to believe that our review should be de novo and that we can reweigh the evidence on appeal. Not so. The trial court's purpose in holding the evidentiary hearing was for it to resolve the disputed factual questions. It did so. We defer to its findings because all are supported by substantial evidence in the record. "Appellate courts do not hear or weigh evidence, find facts, or substitute their opinions for those of the trier-of-fact." Quinn v. Cherry Lane Auto Plaza, Inc., 153 Wn. App. 710, 717, 225 P.3d 266 (2009) (citing Thorndike v. Hesperian Orchards, Inc., 54 Wn.2d 570, 572-75, 343 P.2d 183 (1959)).

Again, the existence of disputed facts regarding service of process required the trial court to conduct an evidentiary hearing. It did. We review the trial court's factual findings and conclusions of law to determine whether substantial evidence supports the findings of fact and whether the findings support the conclusions of law. Harvey v. Obermeit, 163 Wn. App. 311, 318, 261 P.3d 671 (2011).

Here, the trial court found on the record that Ward had met her burden of demonstrating by clear and convincing evidence that service was improper because it did not occur:

> I'm not persuaded that Ms. Ward was served.
> She does have an address that's on government ID that was issued a year before this occurred.
> I believe that Ms. Mills served somebody. I don't know what this other Kristi person looks like, but if she was a light-haired Caucasian woman, it would be easy enough to mix that up.
> The process server goes to the address from a sister that she doesn't have. Anyway, Ms. Ward is not there. They say they don't know her.

I'm not persuaded that she was served. I'm going to grant the motion.[2]

The trial court's factual finding that Ward was not served is supported by substantial evidence in the record. Ward's testimony that she was not served and that her address is 833 South Prospect Street, not 839 South Prospect Street, supports the finding that Ward was not served. Ward's driver's license, tax documentation, and voter registration listing her address as 833 South Prospect Street further supports such a finding. Additionally, Mills' testimony that the woman she served stated that "nobody by [the name Kristina Ward]" was present supports an inference that the woman Mills served was not, in fact, Ward. Testimony that a woman named Kristi Landles may have lived at 839 South Prospect St, Unit A, supports an inference that the neighbor who indicated "Kristina" lived next door may have been referring to Kristi Landles.

Because substantial evidence supports the factual finding that service did not occur, the trial court did not err in concluding that service was insufficient.

III

Mulder next contends that Ward waived her defense of insufficient service of process. According to Mulder, waiver occurred because Ward was dilatory in asserting the defense and acted inconsistent with that position by participating in general discovery before asserting the defense. We disagree.

A defendant may waive the defense of insufficient service of process in two ways: (1) if the defendant's counsel has been dilatory in asserting the

---

[2] There is no requirement that a trial court enter written findings in resolving a motion of this type. See CR 52.

6

defense, or (2) if the defendant's assertion of the defense is inconsistent with the defendant's previous behavior. Lybbert v. Grant County, 141 Wn.2d 29, 39, 1 P.3d 1124 (2000). The purpose of this doctrine is to "reduce the likelihood that the 'trial by ambush' style of advocacy . . . will be employed." Lybbert, 141 Wn.2d at 40. As our Supreme Court explained, the

> "defendant cannot justly be allowed to lie in wait, masking by misnomer its contention that service of process has been insufficient, and then obtain a dismissal on that ground only after the statute of limitations has run, thereby depriving the plaintiff of the opportunity to cure the service defect."

Lybbert,141 Wn.2d at 40 (quoting Santos v. State Farm Fire & Cas. Co., 902 F.2d 1092, 1096 (2d Cir.1990)).

However, engaging in discovery is not always inconsistent with an assertion of the defense of insufficient service. Lybbert, 141 Wn.2d at 41. This is so because engaging in discovery may be necessary to determine whether the facts exist to support a defense of insufficient service. Lybbert, 141 Wn.2d at 41 (citing Romjue v. Fairchild, 60 Wn. App. 278, 281, 803 P.2d 57(1991)). Although extensive discovery on the merits may constitute behavior inconsistent with the assertion of the defense, engaging in limited discovery does not. Meade v. Thomas, 152 Wn. App. 490, 495, 217 P.3d 785 (2009).

Here, Ward raised the defense in an answer filed prior to the end of the tolling period, soon after Ward first met with her attorney, and prior to Mulder answering the discovery requests. Thus, Ward was not dilatory in asserting the defense. See Meade, 152 Wn. App at 494.

To be sure, Mulder contends that Ward's participation in discovery was inconsistent with the defense. During the tolling period, Ward served one set of general interrogatories and, shortly thereafter, served an amended set of interrogatories that included a request for information about service of process. Mulder's counsel received the discovery request pertaining to service of process—indicating that there was an issue regarding service—a week before the tolling period ended. Given the brief period of time involved, we will not hold that Ward's limited engagement in discovery before raising the defense constituted a waiver of the defense.

IV

Mulder next contends that Ward was equitably estopped from asserting the defense of insufficient service of process. We disagree.

The elements of equitable estoppel are: "(1) an admission, statement or act inconsistent with a claim afterwards asserted, (2) action by another in [reasonable] reliance upon that act, statement or admission, and (3) injury to the relying party from allowing the first party to contradict or repudiate the prior act, statement or admission." Bd. of Regents v. City of Seattle, 108 Wn.2d 545, 551, 741 P.2d 11 (1987). This doctrine is not favored and must be proved by clear, cogent, and convincing evidence. Robinson v. City of Seattle, 119 Wn.2d 34, 82, 830 P.2d 318 (1992), abrogated on other grounds by Chong Yim v. City of Seattle, 194 Wn.2d 651, 451 P.3d 675 (2019).

Mulder contends that Ward's "actions in signing a certified mailing certificate for discovery . . . at the address she claims she does not reside, are

8

inconsistent with her claim that she was not properly served prior to the statute of limitation expiring."

This claim is unavailing. Ward's acceptance of (and signature for) a package was not an admission, statement, or act inconsistent with her later claim of insufficient service of process. Ward explained that a mail carrier recognized her name and brought the package to her at her correct address. This was fortuity, not dishonesty. That Mulder drew an inference from this event, while unaware of all pertinent facts, is understandable. But it does not bind Ward to Mulder's misapprehension.

But Mulder persists, asserting that Ward's testimony—that she received the package at issue at 833 South Prospect Street—violates the parol evidence rule because it contradicts the address that appears on the certified mail form. He is wrong.

The parol evidence rule does not allow evidence of oral agreements to alter obligations under written contracts. Emrich v. Connell, 105 Wn. 2d 551, 555-56, 716 P.2d 863 (1986). It is not applicable to our inquiry because we need not engage in contract interpretation. Any contractual obligations created between Ward and the United States Postal Service by Ward's acceptance of the package are simply not relevant to the issue of where Ward lived when she received the package.

We conclude that Ward was not equitably estopped from asserting a defense of insufficient service of process.  The trial court did not err in granting Ward's motion to dismiss.[3]


Affirmed.


Duyn, J.

WE CONCUR:

Appelwick, J.

---

[3] Citing RAP 18.9, Mulder also requests that we order Ward to pay sanctions.  We do not find this request appropriate and decline to do so.