# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| JOHN RIOS, an individual, | No. 55434-8-II |
| Appellant, | |
| v. | |
| USIEL GONZALEZ and JANE DOE GONZALEZ, | UNPUBLISHED OPINION |
| Respondent. | |

PRICE, J. — John Rios appeals the superior court's order dismissing his complaint for failure to properly serve Usiel Gonzalez under the substitute service provisions of RCW 46.64.040, Washington's nonresident motorist act. Because Rios failed to strictly comply with the requirements of RCW 46.64.040, the superior court properly dismissed the complaint. Accordingly, we affirm.

## FACTS

On May 1, 2017, Rios and Gonzalez were involved in a vehicle collision. Nearly three years later, on April 20, 2020, Rios filed a complaint against Gonzalez for damages resulting from the collision.

On April 23, Rios attempted to personally serve Gonzalez at the address listed on the collision report. The process server determined that Gonzalez no longer lived at the listed address but was unable to obtain a new address for Gonzalez. Rios conducted a skip trace as well as

searches of internet directories, telephone directories, and social media. Despite these efforts, Rios was unable to identify an address for Gonzalez.

On July 16, Rios mailed copies of the summons and complaint to the secretary of state in order to effect substitute service under RCW 46.64.040. On July 20, the documents were delivered to the secretary of state. And on July 24, Rios received confirmation from the secretary of state that service of process had been received. On August 11, 26 days after he mailed service to the secretary of state, Rios sent notice of service on the secretary of state, as well as other required documents, to Gonzalez's last known address.

Gonzalez filed a motion for summary judgment arguing that Rios failed to properly effect service of process. Rios responded by arguing he complied with the substitute service requirements of RCW 46.64.040. Gonzalez replied that Rios failed to strictly comply with several requirements of providing notice of service to Gonzalez, including the specific allegation that by delaying for almost a month, Rios failed to provide notice "forthwith" of his service on the secretary of state to Gonzalez's last known address as required by the statute. Clerk's Papers (CP) at 100 (internal quotation marks omitted). During the hearing on the motion for summary judgment Rios conceded that there was no explanation for the delay in sending notice to Gonzalez:

> Again, obviously, like I said before, we should have done it sooner. I'm not arguing that this couldn't have been done sooner. Clearly it could have been.

Verbatim Report of Proceedings (VRP) at 11. The superior court granted Gonzalez's motion for summary judgment and dismissed Rios' complaint with prejudice.

Rios appeals.

ANALYSIS

Rios argues that the superior court erred by granting Gonzalez's motion for summary judgment. Specifically, Rios argues that we should construe the statutory requirements of RCW 46.64.040 to require notice to the defendant within a reasonable time, and that his notice to Gonzalez satisfied that standard. However, even if we assume that Rios' construction is correct, Rios did not provide notice to Gonzalez within a reasonable time. Accordingly, the superior court did not err by granting Gonzalez's motion for summary judgment.

We review summary judgment orders de novo. *Sartin v. Estate of McPike*, 15 Wn. App. 2d 163, 172, 475 P.3d 522 (2020), *review denied*, 196 Wn.2d 1046 (2021). Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). A genuine issue of material fact exists if reasonable minds could disagree on the conclusion of a factual issue. *Sartin*, 15 Wn. App. 2d at 172. We review all facts and reasonable inferences drawn from those facts in the light most favorable to the nonmoving party. *Id.* We may affirm summary judgment on any basis supported by the record. *Bavand v. OneWest Bank FSB*, 196 Wn. App. 813, 825, 385 P.3d 233 (2016).

" 'Proper service of the summons and complaint is a prerequisite to a court's obtaining jurisdiction over a party.' " *Heinzig v. Seok Hwang*, 189 Wn. App. 304, 310, 354 P.3d 943 (2015), *review denied*, 184 Wn.2d 1036 (2016) (quoting *Harvey v. Obermeit*, 163 Wn. App. 311, 318, 261 P.3d 671 (2011). We review whether service of process was proper de novo. *Id.*

RCW 46.64.040, Washington's nonresident motorist act, "allows for substituted service on the Washington secretary of state when the person intended to be served is not an inhabitant of or

cannot be found within Washington." *Heinzig*, 189 Wn. App. at 310. RCW 46.64.040 provides

the requirements for effecting substitute service on the secretary of state:

> Service of such summons or process shall be made by leaving two copies thereof
> with a fee established by the secretary of state by rule with the secretary of state of
> the state of Washington, or at the secretary of state's office,, and such service shall
> be sufficient and valid personal service upon said resident or nonresident:
> PROVIDED, That *notice of such service and a copy of the summons or process is*
> ***forthwith*** *sent by registered mail with return receipt requested, by plaintiff to the*
> *defendant at the last known address of the said defendant*, and the plaintiff's
> affidavit of compliance herewith are appended to the process, together with the
> affidavit of the plaintiff's attorney that the attorney has with due diligence
> attempted to serve personal process upon the defendant at all addresses known to
> him or her of defendant and further listing in his or her affidavit the addresses at
> which he or she attempted to have process served.

(Emphasis added). Our Supreme Court has held that "[i]t is appropriate to require strict

compliance with the detailed procedures for service of process set forth in RCW 46.64.040."

*Martin v. Triol*, 121 Wn.2d 135, 144, 847 P.2d 471 (1993). Further, "notice to the defendant is

essential for due process." *Martin v. Meier*, 111 Wn.2d 471, 476, 760 P.2d 925 (1988). "A

plaintiff's failure to adhere to the statute's procedures for notifying the defendant that process has

been served on the secretary renders service on the secretary a nullity." *Heinzig*, 189 Wn. App. at

312.

The parties dispute how we should define the term forthwith. "Forthwith" is defined in the

dictionary to mean "1: with dispatch : without delay : within a reasonable time . . . : immediately;

2: immediately after some proceeding event[.]" WEBSTER'S THIRD NEW INTERNATIONAL

DICTIONARY at 895 (1993). Rios argues that the term forthwith in RCW 46.64.040 should be

construed liberally to mean "within a reasonable time under the circumstances." Appellant's

Opening Br. at 12 (boldface removed). Gonzalez argues that forthwith should be interpreted to

mean immediately or without delay. Even assuming, without deciding, that forthwith means within a reasonable time under the circumstances, Rios failed to comply with the notice requirements of the statute.

The undisputed facts show that Rios mailed notice to Gonzalez almost a month after service of process was mailed to the secretary of state and approximately two weeks after Rios received confirmation of service on the secretary of state. Rios provided no explanation for the delay between service on the secretary of state and mailing notice to Gonzalez. Further, Rios admitted that notice could have been mailed to Gonzalez sooner. As soon as service of process was sent to the secretary of state, Rios was able to mail the notice and other required process to Gonzalez's last known address. Because there was no explanation for the delay in mailing the notice, taking almost a month to mail notice that could have been mailed the same day as service was mailed to the secretary of state is not within a reasonable time.

Rios argues notice was mailed in a reasonable time because Gonzalez ultimately received notice and was not prejudiced. However, using the end result of whether notice was actually received is essentially relying on substantial rather than strict compliance with the procedural requirements of the statute. Strict compliance with the procedural requirements is necessary to ensure notice comports with due process. Accordingly, we determine the reasonableness of the delay on the *reason* for the delay, not on whether the defendant ultimately received notice despite the delay.

Therefore, because Rios did not provide timely notice to Gonzalez of his service on the secretary of state, summary judgment in favor of Gonzalez was appropriate. We affirm.

5

No. 55434-8-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

GLASGOW, A.C.J.

VELJACIC, J.