# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| CORINN JAMES and IAN JAMES, wife and husband and the marital community, | No. 47495-6-II |
| Appellants, | PUBLISHED OPINION |
| v. | |
| CASEY McMURRY and "JANE DOE" McMURRY, husband and wife and the marital community, | |
| Respondents. | |

BJORGEN, C.J – Corinn and Ian James (the Jameses) appeal the trial court's dismissal of their lawsuit against Casey McMurry and his wife (McMurry) on grounds that they failed to comply with the requirements of RCW 46.64.040, the statute allowing for service on a motorist defendant via the secretary of state. They argue that the trial court erred by ruling that RCW 46.64.040 required them to file an affidavit of compliance. McMurry disagrees and also argues that the dismissal was warranted because the Jameses failed to mail proper notice of the alternative service to his last known address and failed to attempt personal service at all known addresses. We hold that (1) RCW 46.64.040 does not require the filing of an affidavit of compliance with the trial court, (2) the Jameses mailed notice to McMurry's last known address, and (3) the Jameses attempted personal service at all of McMurry's known addresses. Accordingly, we reverse and remand.

FACTS

On December 20, 2011, McMurry caused a collision with the Jameses' automobile. At the time of the collision, McMurry lived at an address on Prine Drive SW in Olympia. He gave this address to a police officer, who included it in her report on the accident.

Nearly three years later, on December 19, 2014, the Jameses filed a complaint against McMurry alleging negligence.[1] The Jameses hired a private investigator that same day to find McMurry's address for service of process. The private investigator found and relayed to the Jameses three different addresses in Olympia associated with McMurry: an address on Judd Street, an address on "Pine Drive" (apparently a typo, as it was otherwise identical to McMurry's Prine Drive SW address), and an address on Titleist Lane. The investigator identified the Judd Street address as McMurry's last known address, most recently used in December 2014.

The Jameses attempted personal service twice at the Judd Street address the investigator identified as the most recent, then twice at the Prine Drive SW address. After all of these attempts proved futile, they twice attempted personal service at an address associated with a person they believed to be McMurry's girlfriend, but were again unsuccessful. The Jameses did not attempt personal service at the Titleist Lane address, which their investigator listed as last associated with McMurry in 2010. During the period the Jameses attempted personal service, McMurry apparently lived at an address in Olympia not among those identified in the police report or by the private investigator.

---

[1] The statute of limitations period for a negligence action is three years. RCW 4.16.080; *Washington v. Boeing Co.*, 105 Wn. App. 1, 19 P.3d 1041 (2000). However, that period is tolled for 90 days to allow for service following the filing of a complaint. RCW 4.16.170.

After failing to personally serve McMurry, the Jameses attempted alternative service via the secretary of state, pursuant to RCW 46.64.040.  They mailed copies of the summons and complaint, affidavit of compliance and due diligence, and a check with the required fee amount to the secretary of state.  They also mailed copies of the summons, complaint, and affidavits to McMurry via registered mail at the Judd Street address.  They did not file the affidavits with the trial court, but instead filed a proof of service document from the secretary of state.[2]

On March 12, McMurry's attorney appeared and moved to dismiss the case because the statute of limitations period had run before McMurry was properly served.  The trial court granted the motion and dismissed the case, ruling that the Jameses failed to comply with RCW 46.64.040 because they had not filed a copy of the affidavit of compliance with the trial court.

The Jameses appeal the dismissal.

## ANALYSIS

This case presents us with three separate procedural questions related to RCW 46.64.040, the statute providing for alternative service of process on a defendant motorist via the secretary of state.  We must address (1) whether the statute requires filing an affidavit of compliance with the trial court, (2) whether a defendant's most recent address known to the plaintiff is his "last known address" within the meaning of the statute, and (3) whether the statute requires attempted personal service at all known past addresses.  We must interpret the meaning of the statutory language to resolve these issues.

---

[2] The Jameses eventually filed the affidavits as part of the dismissal proceedings, but after the statute of limitations period.

Statutory interpretation is an issue of law, which we review de novo. *Brown v. Dep't of Commerce*, 184 Wn.2d 509, 532, 359 P.3d 771, 782 (2015). When interpreting statutes, we give effect to the plain meaning of unambiguous statutory language. *Protect the Peninsula's Future v. Growth Mgmt. Hr'gs Bd.*, 185 Wn. App. 959, 970, 344 P.3d 705 (2015). We will not revise or add language to an unambiguous statute under the guise of interpretation, even if we believe that the legislature intended to include such language. *Id.* However, where statutory language is ambiguous, we will adopt the "'interpretation which best advances the perceived legislative purpose.'" *Brown*, 359 P.3d at 787 (quoting *Wichert v. Cardwell*, 117 Wn.2d 148, 151, 812 P.2d 858 (1991)).

RCW 46.64.040 provides in pertinent part that service of process may be accomplished on a defendant in a case involving a motor vehicle accident by service on the secretary of state:

> [E]ach resident of this state who, while operating a motor vehicle on the public highways of this state, is involved in any accident, collision, or liability and thereafter at any time within the following three years cannot, after a due and diligent search, be found in this state appoints the secretary of state of the state of Washington as his or her lawful attorney for service of summons as provided in this section for nonresidents. Service of such summons or process shall be made by leaving two copies thereof with a fee established by the secretary of state by rule with the secretary of state of the state of Washington, or at the secretary of state's office, and such service shall be sufficient and valid personal service upon said resident or nonresident: PROVIDED, That notice of such service *and a copy of the summons or process* is forthwith *sent by registered mail* with return receipt requested, by plaintiff *to the defendant* at the *last known address* of the said defendant, and the plaintiff's *affidavit of compliance herewith are appended to the process*, together with the affidavit of the plaintiff's attorney that the attorney has with due diligence attempted to serve personal process upon the defendant at all addresses known to him or her of defendant and further listing in his or her affidavit the addresses at which he or she attempted to have process served. However, if process is forwarded by registered mail and defendant's endorsed receipt is received

and entered as a part of the return of process then the foregoing affidavit of plaintiff's attorney need only show that the defendant received personal delivery by mail.

(Emphasis added.)

It is clear from this statutory language that a plaintiff availing himself of this alternate method of service must (1) perform "a due and diligent search" for the defendant; (2) remit the necessary fee and give two copies of the summons or process to the secretary of state; and (3) mail a copy of the summons or process, with affidavit of compliance and due diligence attached, to the defendant at his last known address.

In short, both service of two copies of the summons on the secretary of state ***and*** mailing of notice of such service, together with the other statutorily required documents, must be accomplished to effect proper service. Only then does one strictly comply with the terms of RCW 46.64.040 for service of process.

*Keithly v. Sanders*, 170 Wn. App. 683, 688, 285 P.3d 225 (2012) (alteration in original). We must decide whether the statute additionally requires filing the affidavit of compliance with the trial court, whether a defendant's most recent address known to the plaintiff is his "last known address," and where the plaintiff must attempt to personally serve the defendant.

## I. FILING AN AFFIDAVIT OF COMPLIANCE

The Jameses argue that RCW 46.64.040 does not require a plaintiff to file an affidavit of compliance with the trial court when attempting alternative service of process on a motorist via the secretary of state. Although we indicated in dictum almost 20 years ago that the statute includes such a requirement, we agree with the Jameses and decline to follow that interpretation.

RCW 46.64.040 provides that alternative service via the secretary of state on a defendant motorist may be accomplished only if, inter alia,

> *the plaintiff's affidavit of compliance herewith [is] appended to the process*, *together with the affidavit of the plaintiff's attorney that the attorney has with due diligence attempted to serve personal process upon the defendant* at all addresses known to him or her of defendant and further listing in his or her affidavit the addresses at which he or she attempted to have process served.

(Emphasis added.) The statutory text does not mention filing the affidavit of compliance (or the affidavit of due diligence) with the court, instead providing only that the plaintiff must append the affidavits to the process sent to the defendant's last known address.

However, we have stated that filing the affidavit of compliance with the trial court is required under RCW 46.64.040:

> To perfect service of process under this statute, the plaintiff must: (1) deliver two copies of the summons to the Secretary of State with the required fee; (2) either personally serve the defendant with a copy of the summons and notice of service on the Secretary or send the same documents by registered mail, return receipt requested to the defendant at his last known address; (3) *file an affidavit of compliance with the court*; and (4) if the defendant was served by registered mail, file an affidavit of due diligence with the court.[3]

*Clay v. Portik*, 84 Wn. App. 553, 559, 929 P.2d 1132 (1997) (emphasis added).[4] *Clay* cites the statute and a former edition of the *Washington Practice* manual on civil procedure as authority for this statement of the statutory requirements. *Id*.; *see also* 9 DAVID E. BRESKIN, WASHINGTON

---

[3] The filing of the affidavit of due diligence is not at issue on appeal, but it appears that we omitted the relevant requirement in *Clay*. Under the plain statutory language, the affidavit of due diligence must be appended to the process and sent by registered mail to the defendant. *See* RCW 46.64.040. "[I]f the defendant's endorsed receipt is received," then the affidavit of due diligence is unnecessary and an affidavit of receipt is all that is required. RCW 46.64.040. Therefore, if service is actually accomplished by registered mail, the affidavit of due diligence is unnecessary. This is the opposite of the fourth requirement stated in *Clay*.

[4] The legislature amended RCW 46.64.040 after we decided *Clay*, but the amended language is not material to the issues raised in this appeal. *See* H.B. 1226, 58th Leg., Reg. Sess., at § 16 (Wash. 2003).

PRACTICE., CIVIL PROCEDURE FORMS §§ 4.46, .47 (2d ed. 1990). However, because the plaintiff's filing of the affidavit of compliance was not at issue in *Clay*, our statement regarding that requirement was dictum.[5] *See* 84 Wn. App. at 555-56.

Division One of our court has taken a different approach that more closely mirrors the statutory text. In a recent case, it summarized the procedure required by RCW 46.64.040:

> The statutory procedure for notifying a defendant that process has been served on the secretary requires the plaintiff to (1) either personally serve the defendant with a copy of the summons and notice of service on the secretary or send the same documents by registered mail, return receipt requested, to the defendant's last known address, and (2) append to the mailing an affidavit of compliance with the statute signed by the plaintiff and an affidavit of due diligence signed by the plaintiff's attorney and certifying that attempts were made to serve the defendant personally.

*Heinzig v. Seok Hwang*, 189 Wn. App. 304, 312, 354 P.3d 943 (2015). Similarly, Division One's treatment of the statutory requirements in *Keithly*, 170 Wn. App. at 688, required mailing the affidavit of compliance to the defendant, but said nothing about filing it with the court. *See also Larson v. Yoon*, 187 Wn. App. 508, 517, 351 P.3d 167 (2015). In *Heinzig*, Division One acknowledged our rule statement in *Clay*, but declined to restate or apply it. *Id.* (citing *Clay* with a *but see* signal).

---

[5] Dictum is "an observation or remark made by a judge in pronouncing an opinion upon a cause, concerning some rule, principle, or application of law . . . not necessarily involved in the case or essential to its determination." *State ex rel. Lemon v. Langlie*, 45 Wn.2d 82, 89, 273 P.2d 464 (1954). In *Clay*, the court addressed whether RCW 46.64.040 requires a plaintiff to provide the secretary of state with the defendant's address and whether an affidavit of compliance is effective if signed by the plaintiff's attorney. 84 Wn. App. at 555-56. The filing of the affidavit was not at issue, so we only addressed the sufficiency of the signature. *Id.* at 559-62. Our statement regarding the requirement that the plaintiff file the affidavit with the trial court was not essential to our holdings in the case. Therefore, that statement was dictum.

We now adopt Division One's approach. We generally favor interpretations of court rules and statutes that allow for consideration of cases on their merits. *Coggle v. Snow*, 56 Wn. App. 499, 507, 784 P.2d 554 (1990); *see also Lewis County v. W. Washington Growth Mgmt. Hr'gs Bd.*, 113 Wn. App. 142, 155, 53 P.3d 44 (2002) (quoting *Graham Thrift Grp., Inc. v. Pierce County*, 75 Wn. App. 263, 268, 877 P.2d 228 (1994)). More to the point, the statutory language is plainly unambiguous and does not address the filing of affidavits of compliance with the trial court at all. RCW 46.64.040 provides that service on a resident or nonresident motorist via the secretary of state "shall be made" according to the stated requirements, and "such service shall be sufficient and valid personal service upon said resident or nonresident." Among those stated requirements are the mandates (1) "[t]hat notice of such service and a copy of the summons or process is forthwith sent by registered mail with return receipt requested, by plaintiff to the defendant," and (2) that the plaintiff "append[] to that process" both "the plaintiff's affidavit of compliance" and "the affidavit of the plaintiff's attorney that the attorney has with due diligence attempted to serve personal process upon the defendant." *Id.*

Nothing in the current statutory language mentions filing anything with the court. In addition, the legislature removed language requiring the filing of affidavits and has not replaced it despite several subsequent rounds of amendments. By its plain language, RCW 46.64.040 does not require the filing of affidavits of compliance with the trial court. Following the rule that we will not revise or add language to an unambiguous statute under the guise of interpretation, *Protect the Peninsula's Future*, 185 Wn. App. at 970, we hold that the statute does not require a plaintiff to file the affidavit of compliance with the trial court.

II. MAILING OF PROCESS TO THE DEFENDANT'S "LAST KNOWN ADDRESS"

McMurry argues that the Jameses did not comply with RCW 46.64.040 because they did not send the necessary notice to his "last known address." Br. of Resp't at 14-15. McMurry argues that the Jameses were aware of the Prine Street SW address at which he lived in 2011, but sent the notice to the Judd Street address where he lived in 2008. We disagree with McMurry and hold that because the Jameses reasonably believed that the Judd Street address was more recent, it was McMurry's "last known address" for the purpose of service under RCW 46.64.040.

The police report from the 2011 collision listed the Prine Street SW address as McMurry's residence. This was in fact McMurry's residence at the time of the collision. However, the Jameses' private investigator informed them that the Judd Street address was McMurry's more recent address. This had been McMurry's residence before he lived on Prine Street SW. Therefore, the Prine Street SW address was the known address at which McMurry had most recently resided, but the Jameses believed that the Judd Street address was the latest.

A statutory term not defined by the statute should be given its usual and ordinary meaning. *Burton v. Lehman*, 153 Wn.2d 416, 422-23, 103 P.3d 1230 (2005). Statutory language open to more than one reasonable interpretation is ambiguous. *Stephenson v. Pleger*, 150 Wn. App. 658, 662, 208 P.3d 583 (2009). McMurry argues that a defendant's "last known address" should be interpreted as the known address at which the defendant in fact most recently resided. The Jameses argue that if a plaintiff reasonably believes a known address to be the defendant's most recent, it should qualify as the "last known address." Reply Br. of Appellant at 11-12. RCW 46.64.040 includes no definition of "last known address," and both parties' interpretations comport with the ordinary meaning of the words involved. *See* WEBSTER'S THIRD NEW

9

INTERNATIONAL DICTIONARY 1274 (2002) (defining "last" as, inter alia, "most recent"), 1253 (defining "known" as "that is apprehended or perceived by the mind or senses"). Because both parties offer reasonable interpretations of "last known address," the term is ambiguous.

When we interpret an ambiguous statute we adopt the interpretation that best advances the statute's purpose. *Brown*, 359 P.3d at 787. In *Martin v. Triol*, we previously stated that the purpose of RCW 46.64.040 is to provide a "'convenient method,'" 121 Wn.2d 135, 147, 847 P.2d 471 (1993) (quoting *Hess v. Pawloski*, 274 U.S. 356 (1927))<u>,</u> for suing motorists "'designed to minimize procedural difficulties in bringing actions arising out of 'the use of [the State's] highways . . . and the protection of persons and property within the State.'" However, such a method of alternative service must be "reasonably calculated to give actual notice to the defendant." *Larson*, 187 Wn. App. at 517. Therefore, we adopt the interpretation that best minimizes procedural difficulties while remaining reasonably calculated to give notice to the defendant.

Procedural difficulties are best minimized by allowing a plaintiff to comply with RCW 46.64.040 by mailing copies of the process and affidavits to the address at which he reasonably believes the defendant has most recently resided. On the other hand, with a good faith and reasonable effort to determine whether an address is in fact the defendant's most recent abode, mailing the materials to that address will also be reasonably calculated to provide notice to the defendant. In an analogous setting, we held in *Carson v. Northstar Dev. Co.*, 62 Wn. App. 310, 316, 814 P.2d 217 (1991), that "a plaintiff must make an honest and reasonable effort to find the defendant before service by publication is authorized" under RCW 4.28.100. The notion of good faith includes both elements of honesty in belief or purpose and reasonable diligence. *See*

BLACK'S LAW DICTIONARY, "good faith," 808 (10th ed. 2014). Thus, a requirement of good faith and reasonable effort is true to the purposes of RCW 46.64.040 and the case law. The fact that the defendant has more recently resided at a different location, which the plaintiff was unable to discover despite good faith and reasonable efforts, should not defeat service under RCW 46.64.040.

McMurry's proposed interpretation would require a plaintiff to mail the summons and the notice of service to the address that was in fact the defendant's most recent. Since most individuals reside somewhere, this would require that process be sent to the defendant's current address, a result little different in practical terms from the standard rules of service. This would be bluntly at odds with the legislature's intent to create a convenient method for bringing an action against a motorist. We decline to read any such requirement into the statute, and instead hold that RCW requires only that a plaintiff mail process and the affidavits to the address at which the plaintiff reasonably believes the defendant has most recently lived, based on good faith and reasonable efforts to locate the defendant.

Here, the Prine Street SW address was available to the Jameses in the police report, but when they initiated this lawsuit nearly three years later they employed the services of a private investigator to follow up on the report and determine McMurry's most recent address. That investigator incorrectly identified the Judd Street address as the most recent. The Jameses reliance on that information was reasonable and in good faith. Therefore they complied with RCW 46.64.040's requirement that they mail notice to McMurry's "last known address."

### III. ATTEMPTING PERSONAL SERVICE AT PAST ADDRESSES

McMurry argues that because the Jameses did not attempt personal service at one of his former addresses, they did not act with the necessary due diligence before utilizing the alternative service provided for by RCW 46.64.040. We disagree and hold that the statute does not require attempted service at all known past addresses.

RCW 46.64.040 requires that the plaintiff's attorney attach to the process an affidavit declaring that he "has with due diligence attempted to serve personal process upon the defendant at all addresses known to him or her of defendant" and listing those addresses. "'Due diligence' under the statute requires that plaintiff make honest and reasonable efforts to locate the defendant." *Martin v. Meier*, 111 Wn.2d 471, 482, 760 P.2d 925 (1988).

Here, the parties disagree over the meaning of the term "addresses known to him or her of defendant." Specifically, they disagree over whether all past addresses should be included as "addresses known to him or her of defendant." Br. of Resp't at 15-16; Reply Br. of Appellant at 13-14. We give effect to the ordinary meaning of unambiguous statutory language. *Protect the Peninsula's Future*, 185 Wn. App. at 970. However, statutory language open to more than one reasonable interpretation is ambiguous, *Stephenson*, 150 Wn. App. at 662, and should be interpreted in accord with the purpose of the statute, *Brown*, 359 P.3d at 787.

The ordinary meaning of the noun "address" favors interpreting the phrase as referring only to current addresses. The relevant dictionary definition describes the word as "the designation of a place . . . where a person or organization may be found or communicated with." WEBSTER'S, *supra*, at 25. This definition uses only the present tense. Therefore, the plain meaning of the phrase "addresses known to him or her of defendant" unambiguously denotes

only addresses the plaintiff knows or reasonably suspects are current locations at which the defendant "may be found or communicated with."  Without some indication that a defendant may still be found at a past address, personal service at such an address would not be necessary under RCW 46.64.040.

More persuasive is the fact that McMurry's position runs counter to the purpose of RCW 46.64.040.  A defendant is unlikely to be found at past addresses.  Requiring a plaintiff to attempt personal service at such addresses would aggravate, rather than minimize, the procedural difficulties associated with service without appreciably increasing the likelihood that the plaintiff would actually personally serve the defendant.  Therefore, the phrase "all addresses known to [the plaintiff] of defendant," as used in RCW 46.64.040, refers only to addresses known or reasonably suspected to be current, and a plaintiff acting with due diligence under the statute need not attempt personal service at addresses known or reasonably believed to be past addresses at which the defendant would no longer be found.

The Jameses attempted personal service at the Prine Street SW address, McMurry's stated address at the time of the accident, and at the Judd Street address, which their private investigator identified as McMurry's most recent.  They also attempted personal service at another address, believed to be that of McMurry's girlfriend, which they suspected could be his current residence.  The other addresses listed by the investigator were known to the Jameses, but were identified as past addresses several years old.  Because the Jameses made good faith and reasonable efforts to determine McMurry's current address and attempted personal service at all addresses reasonably calculated to be current, they complied with the requirement of RCW 46.64.040 that they diligently attempt personal service at the defendant's known addresses.

13

CONCLUSION

RCW 46.64.040 does not require the filing of an affidavit of compliance with the trial court, and we decline to follow our prior case law to the extent it imposed any such requirement. The Jameses complied with the requirements of RCW 46.64.040 by attempting personal service at all addresses at which they reasonably and in good faith believed McMurry could be located after a due and diligent search, mailing the necessary fee and materials to the secretary of state, and mailing the summons and notice and required documents to the address they reasonably and in good faith believed was McMurry's most recent.  We reverse the trial court's order of dismissal and remand for further proceedings consistent with the opinion.

BJORGEN, C.J.

We concur:

MAXA, J.

SUTTON, J.

14