
IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

IVONNE CAMPBELL and VINCE )
CAMPBELL, wife and husband and the ) No. 36683-9-III
marital community comprised thereof, ) (Consolidated with
) No. 36981-1-III)
Appellants, )
)
v. ) OPINION PUBLISHED IN PART
)
ANA FERNANDEZ and JOHN DOE )
FERNANDEZ, wife and husband and the )
community comprised thereof, )
)
Respondents. )

SIDDOWAY, J. — It is common practice and one dictated by "elementary

prudence" for a plaintiff to file a second, protective action if personal jurisdiction over a

defendant might reasonably be contested in the original action. *E.g.*, *Saylor v. Dyniewski*,

836 F.2d 341, 345 (7th Cir. 1988); *McFarlane v. Esquire Magazine*, 74 F.3d 1296, 1301

(D.C. Cir. 1996). "There is nothing necessarily inappropriate . . . about filing a protective

action." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 294 n.9, 125 S.

Ct. 1517, 161 L. Ed. 2d 454 (2005) (citing cases).

In *Banzeruk v. Estate of Howitz*, this court suggested in dicta that when the

sufficiency of a plaintiff's service of process in an original action is in doubt and the

limitations period will soon expire, a second, protective action can be tentatively commenced in order to obtain additional time (90 days from filing) within which to accomplish effective service. 132 Wn. App. 942, 948, 135 P.3d 512 (2006) (citing RCW 4.16.170). Facing those circumstances, the appellants in these consolidated appeals filed a second, protective action two days before the running of the limitations period and effected service of process within 90 days thereafter. The protective action was properly filed and could have proceeded but for a twist: the appellants chose not to disclose the existence of the protective action in response to a motion to dismiss their original action (service in the protective action had not yet been effected), and the trial court dismissed the original action with prejudice as time-barred.

The appellants' original action was dismissed for insufficient service of process. On de novo review of that dismissal, we reject Ms. Fernandez's argument that the Campbells were required to rely on her earliest "known addresses" in effecting substitute service under RCW 46.64.040.

We affirm dismissal of the protective action but reverse dismissal of the original action. We remand the original action for further proceedings.

PROCEDURAL HISTORY

To recover damages sustained in an automobile accident that took place on December 22, 2015, Ivonne Campbell and her husband filed suit in Benton County against Ana Fernandez on August 7, 2018 ("the original action"). On the same day the

2

original action was filed, an investigator attempted to serve the summons and complaint on Ms. Fernandez at an Agate Street address she provided to responding officers on the day of the accident. Ms. Fernandez no longer lived there. Using an online database and Ms. Fernandez's birthdate, the investigator found an address on Jadwin Avenue associated with Ms. Fernandez. On August 10, the investigator traveled to that address where he believed he accomplished personal service on Ms. Fernandez's grandmother. Whether the service was effective was later called into doubt.

In October 2018, Ms. Fernandez, through counsel engaged by her automobile insurer, answered the complaint without asserting insufficiency of service of process as an affirmative defense.[1] But the Campbells had served a request for admission asking Ms. Fernandez to admit she was not contesting service and on November 8, Ms. Fernandez served an equivocal denial. Upon receiving the response to the request for admission, the Campbells' lawyer contacted another investigator to locate Ms. Fernandez. Using Ms. Fernandez's full name (Ana Alisas Fernandez), her birthdate, and a number of different databases, the investigator found three addresses associated with Ms. Fernandez in Nogales, Arizona. The investigator concluded that an address on 1st

---

[1] Ms. Fernandez's automobile insurer was provided with notice of the Campbells' action. Clerk's Papers (CP) at 10. In a declaration filed in late November 2018, Ms. Fernandez's lawyer explained that his firm had been retained by the insurer and he had not been able to contact Ms. Fernandez. CP at 18-19. Other materials in the file suggest that Ms. Fernandez was first put in touch with defense counsel after she was personally served on March 14, 2019. CP at 189, 275.

Street in Nogales ("the Nogales address") was her most recent address. Based on this information that Ms. Fernandez had moved out of state, the Campbells' lawyer undertook to effect service on the secretary of state under the nonresident motorist statute, RCW 46.64.040, using the Nogales address. On November 13, someone signed, illegibly, for the service package that was sent by certified mail to the Nogales address.

On November 20, Ms. Fernandez moved for leave to amend her answer to add affirmative defenses of lack of service and lack of personal jurisdiction. The motion was granted over the Campbells' objection.

Given this indication that Ms. Fernandez might not yet have been effectively served, the Campbells employed a process server who attempted to serve the summons and complaint on Ms. Fernandez at the Nogales address on December 10. According to the process server, he spoke with Erlasena Valenzuela, a relative, who said that Ms. Fernandez had moved to Mexico.

On December 17, the Campbells used a local Arizona constable to try, again, to serve the documents on Ms. Fernandez at the Nogales address. The constable served the documents on Enrnestina Valenzuela. A limited deposition of Ms. Fernandez that the Campbells noted for December 19 was not attended by Ms. Fernandez, with her lawyer relying on the position that she had not been effectively served.

On December 20, the Campbells commenced a second action against Ms. Fernandez in Benton County ("the protective action") using a complaint identical to that

4

filed in the original action. They did not put the defense on notice of the commencement of the protective action at that time. We assume the Campbells did not disclose the protective action because they were concerned Ms. Fernandez was avoiding service.[2]

On December 21, the Campbells undertook again to effect substitute service on the secretary of state, once again relying on the Nogales address.

In January 2019, Ms. Fernandez filed a CR 12(b) motion to dismiss the Campbells' original action. She argued that the Campbells never accomplished service, the court was without jurisdiction over her, and the statute of limitations had now run. She challenged the sufficiency of the Campbells' substitute service on the secretary of state on the basis that the Campbells did not direct notice to Ms. Fernandez via registered mail to her Agate Street address or the Jadwin Avenue address, which she argued were "the only two addresses that could possibly be considered 'last known.'" Clerk's Papers (CP) at 62.

The Campbells responded with a declaration of their lawyer that described his firm's efforts to serve Ms. Fernandez, including its retention of two private investigators, the second of whom provided the firm with his identification of the Nogales address as Ms. Fernandez's most recent address.

---

[2] The defense denies this, and later developments suggest that Ms. Fernandez was simply difficult to locate.

5

At the hearing on the motion, Ms. Fernandez's lawyer questioned in passing how the Campbells arrived at the Nogales address used in attempting substitute service. The trial court, expressing the view that due diligence could not be shown without declarations from the investigator and process server, granted the motion. It dismissed the action with prejudice in light of the fact that the statute of limitations had apparently run. The Campbells moved for reconsideration, presenting the trial court with declarations of their private investigators explaining how they identified the addresses at which service was attempted. The motion was denied. The order of dismissal was timely appealed.

On March 14, 2019, the Campbells accomplished personal service on Ms. Fernandez of the summons and complaint in the protective action. Its process server found her at her place of work in Nogales.

Ms. Fernandez moved for summary judgment in the protective action, arguing that it was barred by res judicata, collateral estoppel, or was improper claim splitting. In resisting the motion, the Campbells argued that in filing the second action, they had followed the procedure endorsed by *Banzeruk*. The trial court granted Ms. Fernandez's motion and dismissed the protective action.

The order dismissing the protective action was timely appealed. A motion to stay the appeal of dismissal of the original action and consolidate it with the appeal of the protective action was granted.

6

ANALYSIS

The Campbells' first challenge in their consolidated briefing is to the summary

judgment dismissal of their protective action, so we begin with that.

I.      THE PROTECTIVE ACTION WAS A LEGITIMATE PROCEDURE FOR OBTAINING
        ADDITIONAL TIME TO SERVE, BUT DISMISSAL OF THE ORIGINAL ACTION WITH
        PREJUDICE AS TIME-BARRED IS FATAL

Ms. Fernandez moved for summary judgment dismissal of the protective action as

improper claim splitting and as barred by res judicata.  We review "summary judgment

de novo, engaging in the same inquiry as the trial court." *Davis v. Blumenstein*, 7 Wn.

App. 2d 103, 111, 432 P.3d 1251 (2019).  Summary judgment is appropriate when there

is no genuine issue of material fact and the moving party is entitled to judgment as a

matter of law.  CR 56(c).

Filing a protective action is not prohibited claim splitting.  It does not subject the

defendant to duplicative litigation or the cost and effort of defending multiple suits,

which is the evil guarded against by the rule against claim splitting.  *Landry v. Luscher*,

95 Wn. App. 779, 782, 976 P.2d 1274 (1999).  If service is effected in two actions and a

plaintiff *proceeds* in both, then the defendant has a legitimate claim-splitting argument.

Among other possible remedies, the defendant can move to abate the second action.

*Brice v. Starr*, 93 Wash. 501, 502, 161 P. 347 (1916).  Or, where the defendant is aware

of both actions and does not object, it can waive a claim-splitting defense.  *Landry*, 95

7

Wn. App. at 786. There was no reason to believe that the Campbells intended to proceed

simultaneously with two actions. The protective character of the second action was clear.

As for res judicata, "[r]es judicata or modernly, claim preclusion, 'acts to prevent

relitigation of claims that were or should have been decided among the parties in an

earlier proceeding.'" *Fortson-Kemmerer v. Allstate Ins. Co.*, 198 Wn. App. 387, 393,

393 P.3d 849 (2017) (footnote omitted) (quoting *Norris v. Norris*, 95 Wn.2d 124, 130,

622 P.2d 816 (1980)). "The threshold requirement of res judicata is a final judgment on

the merits in a prior suit." *Hisle v. Todd Pac. Shipyards Corp.*, 151 Wn.2d 853, 865, 93

P.3d 108 (2004).[3] The party asserting res judicata bears the burden of proof. *Id.*

Determining whether there is a final judgment on the merits requires courts to consider

whether the claim was properly resolved on the merits opposed to procedural grounds.

*See Ullery v. Fulleton*, 162 Wn. App. 596, 604-07, 256 P.3d 406 (2011).

Arguing that a trial court lacks personal jurisdiction over a defendant because of

insufficient service of process is a procedural, not merits-based, ground for dismissal.

*E.g.*, *Blankenship v. Kaldor*, 114 Wn. App. 312, 319, 57 P.3d 295 (2002); *Diehl v. W.*

*Wash. Growth Mgmt. Hr'gs Bd.*, 153 Wn.2d 207, 216, 103 P.3d 193 (2004) (describing

---

[3] If the threshold is met, res judicata applies in a subsequent action if there is "a concurrence of identity in four respects: (1) of subject matter; (2) of cause of action; (3) of persons and parties; and (4) in the quality of the persons for or against whom the claim is made." *N. Pac. Ry. Co. v. Snohomish County*, 101 Wash. 686, 688, 172 P. 878 (1918).

CR 4 as procedural). Standing alone, dismissal of an action on the basis of insufficient service of process would not bar a second action.

A complicating factor here, however, is that the Campbells did not disclose the pending protective action at the time the motion to dismiss the original action was heard, and the basis for dismissing that action with prejudice was that the statute of limitations had run. Had the Campbells brought the not-yet-time-barred protective action to the trial court's attention, the trial court presumably would have entered a dismissal *without* prejudice.

In dismissing with prejudice on the basis that the action was time-barred, the trial court was not merely ruling that the *original action* was time-barred—as far as the trial court knew, the Campbells' *claims* were time-barred. Since the Campbells did not disclose their protective action as a defense to dismissal on statute of limitations grounds, the trial court properly dismissed with prejudice. The dismissal of the complaint with prejudice as time-barred has claim-preclusive and issue-preclusive effect.[4] It is for that reason only that res judicata applies and the dismissal is affirmed.

---

[4] We agree with the Ninth Circuit's observation in *In re Marino* that statutes of limitation

> are not on the merits in the sense that the underlying substantive claim has been adjudicated. Rather, the passage of time precludes testing whether the claim would otherwise have been valid. Nevertheless, for res judicata purposes a dismissal on statute of limitations grounds can be treated as a dismissal on the merits. Indeed, the *Restatement* has abandoned the "on the merits" terminology because, as it explains,

Nos. 36683-9-III; No. 36981-1-III (consolidated)
*Campbell v. Fernandez*

The order of dismissal in the original action, Benton County Superior Court case

no. 18-2-01976-03, is reversed and the case is remanded. The order of dismissal in the

protective action, Benton County Superior Court case no. 18-2-03274-03, is affirmed.

A majority of the panel having determined that only the foregoing portion of this

opinion will be printed in the Washington Appellate Reports and that the remainder,

having no precedential value, shall be filed for public record pursuant to RCW 2.06.040,

it is so ordered.

II.     MS. FERNANDEZ'S CHALLENGE TO SUBSTITUTE SERVICE OF THE ORIGINAL
        COMPLAINT FAILS

"Proper service of the summons and complaint is a prerequisite to a court

obtaining jurisdiction over a party." *Harvey v. Obermeit*, 163 Wn. App. 311, 318, 261

P.3d 671 (2011). In the Campbells' original action, they ultimately relied on substitute

service under the nonresident motorist statute, RCW 46.64.040. As relevant here, the

statute provides that resident motorists appoint the secretary of state as their attorney

upon whom process may be served in an action growing out of a vehicular accident

occurring on Washington highways if, at any time within three years following the

accident, the motorist cannot be found in this state. *See id.* Before relying on substitute

---

"[i]ncreasingly . . . judgments not passing directly on the substance of the claim have come to operate as a bar." RESTATEMENT (SECOND) OF JUDGMENTS § 19 cmt. a ([AM. LAW INST.] 1982).

181 F.3d 1142, 1144 (9th Cir. 1999) (alterations in original) (some citations omitted).

10

service on such a motorist, there must be a "due and diligent search" for the motorist in this state. *Id.* Service of summons or process is made under the statute by leaving two copies with the secretary of state, paying a fee, and "forthwith" sending a copy of the summons or process and certain other materials by registered mail, return receipt requested, "to the defendant at the last known address of the said defendant." *Id.* Because the substitute service provided by RCW 46.64.040 is in derogation of the common law, plaintiffs must strictly comply with its requirements. *Martin v. Meier*, 111 Wn.2d 471, 479, 760 P.2d 925 (1988).

When a defendant moves for dismissal based on insufficient service of process "the plaintiff has the burden of proof to establish a prima facie case of proper service." *Gross v. Sunding*, 139 Wn. App. 54, 60, 161 P.3d 380 (2007); *Witt v. Port of Olympia*, 126 Wn. App. 752, 757, 109 P.3d 489 (2005). A plaintiff may meet his or her initial burden by "producing an affidavit of service that on its face shows that service was properly carried out." *Witt*, 126 Wn. App. at 757. The parties agree that once the plaintiff meets his or her initial burden, "the burden shifts to the defendant who must prove by clear and convincing evidence that service was improper." *Id.*; *but see Farmer v. Davis*, 161 Wn. App. 420, 427-30, 250 P.3d 138 (refusing to apply heightened burden where no judgment was being attacked and defendant had asserted affirmative defense of insufficient service of process), *review denied*, 172 Wn.2d 1019, 262 P.3d 64 (2011). We

11

review de novo whether service of process was proper. *Kim v. Lakeside Adult Family Home*, 185 Wn.2d 532, 554, 374 P.3d 121 (2016).

Ms. Fernandez's motion to dismiss the Campbells' complaint for insufficient service of process admitted that in November 2018, the Campbells filed a declaration of compliance with RCW 46.64.040 indicating "they had employed Northwest Investigative Services, Inc. to do a background search on Ana Fernandez, and found a Nogales, Arizona address they believed to be associated with her." CP at 59. The motion complained, however, that "[s]tatutory notice was not attempted in any other manner or on any other address that the Defendants have been made aware of. It is thus the Defendants' position that Plaintiffs failed to comply with the requirements for service via the Secretary of State." CP at 59. Elsewhere, Ms. Fernandez argued that service was improper because

> [a]t no point have the Plaintiffs attempted to give the required notice to the Defendants via registered mail to either the Agate Street address or the Jadwin St. address. RCW 46.64.040 requires this, *as those are the only two addresses that could possibly be considered 'last known.'*

CP at 62 (emphasis added).

In *James v. McMurry*, 195 Wn. App. 144, 380 P.3d 591 (2016), this court rejected the McMurrys' argument that for purposes of the nonresident motorist statute their "last known address" was the address provided to police at the time of the accident rather than a different address the Jameses believed to be more recent. Finding the statute

12

ambiguous on this score, the court held in *James* that it would adopt "the interpretation

that best minimizes procedural difficulties while remaining reasonably calculated to give

notice to the defendant." *Id.* at 156. To that end, it held:

> Procedural difficulties are best minimized by allowing a plaintiff to comply with RCW 46.64.040 by mailing copies of the process and affidavits *to the address at which he reasonably believes the defendant has most recently resided.* On the other hand, with a good faith and reasonable effort to determine whether an address is in fact the defendant's most recent abode, mailing the materials to that address will also be reasonably calculated to provide notice to the defendant. In an analogous setting, we held in *Carson v. Northstar Development Co.*, 62 Wn. App. 310, 315, 814 P.2d 217 (1991), that "a plaintiff must make an honest and reasonable effort to find the defendant before service by publication is authorized" under RCW 4.28.100. The notion of good faith includes both elements of honesty in belief or purpose and reasonable diligence. *See* BLACK'S LAW DICTIONARY 808 (10th ed. 2014) "good faith." Thus, a requirement of good faith and reasonable effort is true to the purposes of RCW 46.64.040 and the case law. The fact that the defendant has more recently resided at a different location, which the plaintiff was unable to discover despite good faith and reasonable efforts, should not defeat service under RCW 46.64.040.

*Id.* at 156-57 (emphasis added). While the address identified by the Jameses' investigator

turned out to be wrong, this court concluded that their reliance on the investigator's

information was reasonable and in good faith, and therefore compliant with the statutory

requirement that they mail notice to the McMurrys' last known address. *Id.* at 157

Ms. Fernandez's argument that the Campbells failed to comply with RCW

46.64.040 because they relied on the Nogales address rather than the Agate Street or

Jadwin Avenue address fails under *James*' interpretation of the statute. The Campbells

13

filed a sufficient declaration of their lawyer describing his firm's efforts to serve Ms.

Fernandez, including its retention of two private investigators, the second of whom

provided the firm with his identification of the Nogales address as Ms. Fernandez's most

recent address. Even Ms. Fernandez admits that the Campbells had good reasons for

believing that the Agate Street and Jadwin Avenue addresses were not addresses at which

she had most recently resided.

For the first time at the hearing on the motion, Ms. Fernandez's counsel made a

passing comment about not knowing how the Campbells determined that one Nogales

address was more reliable than others.[5] This comment appears to have triggered the trial

court's concern about whether the Campbells had investigated Ms. Fernandez's

whereabouts in good faith and with due diligence. But a challenge to the Campbells'

good faith and due diligence was not a basis for Ms. Fernandez's motion to dismiss.

Even Ms. Fernandez's lawyer stated during argument of the motion that "Defendant in

this case is not disputing the due diligence of the plaintiff to find and personally serve the

defendant." Report of Proceedings (Jan. 25, 2019) at 13.

In reviewing Ms. Fernandez's motion to dismiss de novo, we consider only the

argument that she made. Ms. Fernandez did not meet her burden of demonstrating that

---

[5] His comment about the several Nogales addresses was in support of his argument that "[t]he safe thing to do . . . would have been to simply provide notice to the . . . actual last known address," which Ms. Fernandez contended was the Agate Street address. Report of Proceedings (Jan. 25, 2019) at 6.

Nos. 36683-9-III; No. 36981-1-III (consolidated)
*Campbell v. Fernandez*

the Agate Street address, or possibly the Jadwin Avenue address, was her "last known address" within the meaning of RCW 46.64.040, because she did not present clear and convincing evidence that those are the addresses the Campbells should reasonably have believed were her most recent residences.

The order of dismissal in the original action, Benton County Superior Court case no. 18-2-01976-03, is reversed and the case is remanded. The order of dismissal in the protective action, Benton County Superior Court case no. 18-2-03274-03, is affirmed.

_____
Siddoway, J.

WE CONCUR:

_____
Korsmo, A.C.J.

_____
Fearing, J.

15