# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| MARIA CRUZ,<br><br>　　　　　Appellant,<br><br>　　　　　v.<br><br>BULLDOG PROPERTY SERVICES,<br>INC., a Washington Corporation,<br><br>　　　　　Respondent. | No. 85990-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

BIRK, J. — Maria Cruz appeals the summary judgment dismissal of her negligence lawsuit against Bulldog Property Services, Inc., arguing the corporate dissolution statute, RCW 23B.14.340, extended the statute of limitations for an additional three years after Bulldog administratively dissolved. Finding no error, we affirm.

Cruz alleged that on May 5, 2020, she fell and was injured "due to negligence by [Bulldog's] agents/employees, who created a dangerous condition on rental premises that [Cruz] managed at the time." Cruz alleged Bulldog's agents "carelessly placed cabinets and other remodeling materials in the lobby of the building," causing her to fall and suffer injuries. On November 21, 2022, Cruz filed a personal injury suit against Bulldog. Bulldog administratively dissolved on February 9, 2023. Cruz served Bulldog a copy of the summons and complaint on May 16, 2023, more than three years after her injury. Bulldog was reinstated on June 5, 2023.

Bulldog filed a motion for summary judgment, requesting that the trial court dismiss Cruz's claims because she failed to serve process until after the expiration of both the three year limitation period and the 90 day period after filing pursuant to RCW 4.16.170. The trial court granted Bulldog's motion and dismissed Cruz's complaint with prejudice. Cruz filed a motion for reconsideration, which the trial court denied. Cruz appeals.

We review trial court orders granting summary judgment de novo, reviewing the facts before the trial court and all reasonable inferences therefrom in the light most favorable to the nonmoving party. Ballard Square Condo. Owners Ass'n v. Dynasty Constr. Co., 158 Wn.2d 603, 609, 146 P.3d 914 (2006). Summary judgment is appropriate only when there are no genuine issues of material fact and where reasonable minds could reach but one conclusion. Crisostomo Vargas v. Inland Wash., LLC, 194 Wn.2d 720, 728, 452 P.3d 1205 (2019); CR 56(c).

The limitations period for a negligence action is three years. RCW 4.16.080; James v. McMurry, 195 Wn. App. 144, 148 n.1, 380 P.3d 591 (2016). Barring application of the discovery rule, a cause of action for negligent injury accrues at the time the act or omission occurs. In re Estates of Hibbard, 118 Wn.2d 737, 744-45, 826 P.2d 690 (1992). The limitations period is tolled for 90 days to allow service following the filing of a complaint, or vice versa. RCW 4.16.170. This statute is known as the "tentative commencement rule" and, when it applies, provides that an action shall be deemed commenced for the purpose of tolling any statute of limitations when the complaint is filed or summons served, whichever occurs first. Pac. Erectors, Inc. v. Gall Landau Young Constr. Co., Inc., 62 Wn.

App. 158, 164 n.3, 813 P.2d 1243 (1991).  When RCW 4.16.170 applies, filing and service upon at least one defendant must occur within the 90 days before the statute of limitations is tolled.  Seamans v. Walgren, 82 Wn.2d 771, 776, 514 P.2d 166 (1973).  Both filing and service must occur or a suit is a nullity.  Citizens Interested in the Transfusion of Yesteryear v. Bd. of Regents of the Univ. of Wash., 86 Wn.2d 323, 330, 544 P.2d 740 (1976), overruled on other grounds by Jones v. Stebbins, 122 Wn.2d 471, 860 P.2d 1009 (1993).  Here, Cruz alleged the incident occurred on May 5, 2020.  Cruz filed suit on November 21, 2022, but Bulldog was not served until May 16, 2023, outside both the 90 day period and the three year limitation period.

Despite failing to serve Bulldog within the limitation period and not coming within the provisions of RCW 4.16.170, Cruz argues the corporate dissolution statute, RCW 23B.14.340, extended the statute of limitations for an additional three years after Bulldog administratively dissolved.  RCW 23B.14.340 states,

> The dissolution of a corporation . . . shall not take away or impair any remedy available against such corporation, its directors, officers, or shareholders, for any right or claim existing, or any liability incurred, prior to such dissolution or arising thereafter, unless action or other proceeding thereon is not commenced . . . within three years after the effective date of any dissolution that is effective on or after June 7, 2006.

A corporation is a distinct legal entity, existing artificially in law and maintaining its own legal obligations and interests separate from its officers, directors, employees, and other agents through whom it acts.  State v. Brelvis Consulting, LLC, 7 Wn. App. 2d 207, 215, 436 P.3d 818 (2019).  At common law, when a corporation dissolved it ceased to exist for all purposes and therefore could not be sued.

3

Ballard Square, 158 Wn.2d at 609.  The common law rule has been modified in most states by statutes generally known as survival statutes, which permit lawsuits to be filed against dissolved corporations for a limited period.  Id.; RCW 23B.14.340.

RCW 23B.14.340 is such a survival statute, preserving claims against dissolved corporations as long as they are filed within three years after the date of dissolution.  R.N. v. Kiwanis Int'l, 19 Wn. App. 2d 389, 401, 496 P.3d 748 (2021), review denied, 199 Wn.2d 1002, 504 P.3d 825 (2022).  The three year period "is not a statute of limitations" but instead "is a statute of repose."  Id. at 404.  "A statute of limitation bars a plaintiff from bringing an accrued claim after a specific period of time," whereas a "statute of repose terminates the right to file a claim after a specified time even if the injury has not yet occurred."  Wash. State Major League Baseball Stadium Pub. Facilities Dist. v. Huber, Hunt & Nichols-Kiewit Constr. Co., 176 Wn.2d 502, 511, 296 P.3d 821 (2013).  The statute ensures that a corporation's dissolution does not foreclose claims, but a claim must still be "commenced within the statute of limitations applicable to the particular cause of action asserted."  Ballard Square, 158 Wn.2d at 619.

Cruz's claim is not barred because the corporation dissolved.  Rather, it is barred because she failed to commence her action "within the statute of limitations applicable to the particular cause of action asserted."  Id.  If she had timely commenced her action within the three year limitation period, and within three years of dissolution, then RCW 23B.14.340 would have protected her suit from the common law rule barring claims against a dissolved corporation.  But the three

year statute of limitations remained applicable to her claim, is an independent defense, and expired before she commenced the action.

Affirmed.

_Birk, J._

WE CONCUR:

_Feldman, J._          _Díaz, J._