**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| NATASSHA CHAVIS, KINGSTON JACQUET, JEREMIAH JACQUET and XANDER ZIMMERMAN, individuals, | No. 85946-3-I |
| Appellants, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| CITY OF DES MOINES, a government entity, and CATHERINE SAVAGE and JOHN DOE SAVAGE, wife and husband, and their marital community thereof, | |
| Respondents. | |

FELDMAN, J. — Natassha Chavis appeals the trial court's summary judgment ruling dismissing with prejudice her tort claims against the City of Des Moines (the City) and Officer Catherine Savage, John Doe Savage, and their marital community. Because the City's tort claim notice defense fails on both waiver and substantial compliance grounds, we reverse the court's ruling dismissing Chavis' claims on that basis. Additionally, while Chavis failed to properly serve the City's mayor, manager, clerk, or other statutorily designated agent with the summons and complaint, the trial court erred in dismissing her claims against the City with prejudice on that basis. We vacate that ruling and

remand for entry of an order dismissing Chavis' claims against the City without prejudice.

I

On March 13, 2020, Officer Savage, driving a city patrol car within the scope of her duties, collided with Chavis' vehicle and injured Chavis and her three minor children. On April 14, 2020, Chavis completed a tort claim form as required by chapter 4.96 RCW (which we discuss below) and mailed it to the City. The form was later placed in the mailbox belonging to Bonnie Wilkins, who at that time was the City Clerk. Chavis' counsel also e-mailed a copy of the completed tort claim form to Wilkins, who verified receipt.

Chavis subsequently filed a complaint against the City and Officer Savage, John Doe Savage, and their marital community alleging negligence, negligent entrustment, and vicarious liability. Chavis attempted to properly serve the City's mayor, manager, clerk, or other statutorily designated agent with the summons and complaint, but failed to do so. She did, however, properly serve Officer Savage with the summons and complaint.

The City filed a summary judgment motion arguing Chavis had failed to satisfy applicable tort claim form and service of process requirements. The trial court granted the City's motion and dismissed Chavis' complaint with prejudice. Chavis then filed a motion for reconsideration, which the trial court denied. This timely appeal followed.

II

A

Chavis argues the trial court erred in dismissing her claims based on her purported failure to file a tort claim form as required by chapter 4.96 RCW. We agree.

When a claimant seeks to sue a local governmental entity for torts committed by a government employee, the claimant must first file a claim for damages in accordance with chapter 4.96 RCW. RCW 4.96.010; *Hanson v. Carmona*, 1 Wn.3d 362, 372-73, 525 P.3d 940 (2023). To comply with the statute, a claimant must present the claim to the local governmental entity's appointed agent or other person designated to accept delivery within the applicable statute of limitations. RCW 4.96.020(2). "A claim is deemed presented when the form is delivered in person or is received by the agent by regular mail, registered mail, or certified mail, with return receipt requested, to the agent or other person designated to accept delivery at the agent's office." *Id*. Also relevant here, the City previously adopted a resolution designating the following individuals to accept such delivery: "Bonnie Wilkins, CMC, City Clerk/Communications Director . . . Taria Keane [Deputy City Clerk]. . . [and] Sara Lee [Public Records Analyst]." Des Moines Resolution No. 1397 (superseded by Des Moines Resolution No. 1446).

Applying de novo review,[1] we reverse on two separate grounds the trial court's summary judgment order dismissing Chavis' claims with prejudice. First,

---

[1] "The standard of review for a summary judgment order is de novo . . . viewing the facts and reasonable inferences in the light most favorable to the nonmoving party." *Watkins v. ESA Mgmt., LLC*, 30 Wn. App. 2d 916, 923, 547 P.3d 271 (2024) (quoting *Ramey v. Knorr*, 130 Wn. App. 672,

the City waived its tort claim notice defense. RCW 4.96.020(3)(c) allows local governmental entities to use their own tort claim forms, as the City did here, but requires that the form "include instructions on how the form is to be presented and the name, address, and business hours of the agent of the local governmental entity appointed to receive the claim." If a local governmental entity uses such a form, RCW 4.96.020(3)(d) provides a corresponding waiver defense:

> If any claim form provided by the local governmental entity fails to require the information specified in this section, or incorrectly lists the agent with whom the claim is to be filed, the local governmental entity is deemed to have waived any defense related to the failure to provide that specific information or to present the claim to the proper designated agent.

RCW 4.96.020(2) likewise states, "The failure of a local governmental entity to comply with the requirements of this section precludes that local governmental entity from raising a defense under this chapter."

Here, the City's tort claim form does not correctly list the agent with whom the claim is to be filed or that agent's business hours as required by RCW 4.96.020(3)(c). Instead, the form states:

> Return form to: CITY OF DES MOINES, 21630 11TH AVE. S., DES MOINES, WA 98198.

The City's tort claim form specifically instructs the claimant to return the form to the City. Chavis completed the form and returned it to the City in accordance with the City's instructions. Under RCW 4.96.020(2) and 4.96.020(3)(d), quoted above, the

---

685, 124 P.3d 314 (2005)). Similarly, the proper interpretation of chapter 4.96 RCW presents a matter of statutory construction, which we review de novo. *Hanson*, 1 Wn.3d at 369.

City thereby waived its defense that Chavis failed to comply with otherwise applicable notice requirements.[2]

Second, even if the City had not waived its tort claim notice defense, Chavis substantially complied with the requirements of RCW 4.96.020 and such compliance is sufficient under the statute. Addressing that issue, RCW 4.96.020(5) states, "With respect to the content of claims under this section and all procedural requirements in this section, this section must be liberally construed so that substantial compliance will be deemed satisfactory." In *Fast*, 188 Wn. App. at 57 (cited *supra* at n.2), the court recognized that the substantial compliance standard in subsection 5 applies to all of the preceding subsections of RCW 4.96.020 "because the only substantive import of those subsections is to describe the scope and construction of other subsections."

"Substantial compliance of a statutory requirement means that the 'statute has been followed sufficiently so as to carry out the intent for which the statute was adopted.'" *Lee v. Metro Parks Tacoma*, 183 Wn. App. 961, 968, 335 P.3d 1014 (2014) (quoting *Banner Realty, Inc. v. Dep't of Revenue*, 48 Wn. App. 274, 278, 738 P.2d 279 (1987)). The purpose of chapter 4.96 RCW is to "'allow government entities time to investigate, evaluate, and settle claims.'" *Lee*, 183 Wn. App. at 968 (quoting *Medina v. Pub. Util. Dist. No. 1 of Benton County*, 147 Wn.2d 303, 310, 53 P.3d 993 (2002)). Additionally, "Our Supreme Court has interpreted 'substantial

---

[2] While our holding on waiver is premised on the plain language of RCW 4.96.020(2)-(3), case law is to the same effect. *See, e.g., Mavis v. King County Pub. Hosp. No. 2*, 159 Wn. App. 639, 648, 248 P.3d 558 (2011) (holding "Evergreen is precluded from raising a defense under RCW 4.96.020 because it failed to comply with the statute"); *Fast v. Kennewick Pub. Hosp. Dist.*, 188 Wn. App. 43, 53, 354 P.3d 858 (2015) (holding "[a] local government entity that fails to comply with RCW 4.96.020(3) is precluded from raising a defense of nonpresentment of a prefiling notice of claim"), reversed on other grounds, 187 Wn.2d 27, 384 P.3d 232 (2016).

compliance' in the context of claim filing statutes to require that the claimant make a bona fide attempt to comply with the law and that its actions actually accomplish or advance the statute's purpose." *Rumburg v. Ferry County Pub. Util. Dist. No. 1*, 1 Wn. App. 2d 333, 340, 405 P.3d 1007 (2017) (citing *Renner v. City of Marysville*, 168 Wn.2d 540, 545-46, 230 P.3d 569 (2010)).

Chavis substantially complied with the applicable tort claim form requirements. The City argues Chavis' "tort claim form was delivered to an unknown person by an unknown method and was later placed . . . in the mailbox of Bonnie Wilkins by an unknown person." As such, not only did the City receive Chavis' tort claim form, but the individual who ultimately received it was one of the individuals that the City designated to receive such forms. Nor is there any dispute that Wilkins received the form more than 60 days before Chavis filed her complaint, as required by RCW 4.96.020(4). These undisputed facts establish that Chavis substantially complied with the applicable pre-suit claim filing requirements. The trial court thus erred in dismissing her claims based on her purported failure to file a tort claim form as required by chapter 4.96 RCW.

The City's principal argument regarding this issue is that Chavis was required to strictly comply with the tort claim form requirements in RCW 4.96.020 and failed to do so. In support of the argument, the City cites *King v. Snohomish County*, which states, "Washington courts have repeatedly held that strict compliance is required with regard to the claim filing procedures." *King ex rel. King v. Snohomish County*, 105 Wn. App. 857, 863, 21 P.3d 1151 (2001), rev'd sub nom. *King v. Snohomish County*, 146 Wn.2d 420, 47 P.3d 563 (2002) (citing *Levy*

*v. State*, 91 Wn. App. 934, 942, 957 P.2d 1272 (1998)). But *King* predates the enactment of RCW 4.96.020(5), which now requires only substantial compliance. Nor does *King* speak to Chavis' waiver argument, which independently requires reversal of the trial court's summary judgment ruling regarding the City's tort claim notice defense.

B

Chavis also claims the trial court erred in dismissing her claims against the City with prejudice (rather than without prejudice) based on her failure to properly serve the City's mayor, manager, clerk, or other statutorily designated agent with the summons and complaint. We agree.

RCW 4.28.080(2) requires that when suing a "town or incorporated city in the state," the summons shall be served by delivering a copy thereof "to the mayor, city manager, or, during normal office hours, to the mayor's or city manager's designated agent or the city clerk thereof." Civil Rule 4(d)(1), in turn, provides that "[t]he summons and complaint shall be served together." Chavis admits, as she must, that she failed to properly serve any of these statutorily designated individuals with the summons and complaint. She did, however, properly serve Officer Savage with the summons and complaint. That occurred on February 28, 2023, twelve days after Chavis filed her complaint. The City does not dispute this point.

"[A] dismissal 'with prejudice' appropriately follows an adjudication on the merits, while a dismissal 'without prejudice' means that the existing rights of the parties are not affected by the dismissal but are as open to legal controversy as if

no judgment or dismissal had been entered." *Parker v. Theubet*, 1 Wn. App. 285, 291, 461 P.2d 9 (1969) (citing *Maib v. Maryland Cas. Co.*, 17 Wn.2d 47, 135 P.2d 71 (1943)). "[I]nsufficient service of process is a procedural, not a merits-based, ground for dismissal." *Campbell v. Fernandez*, 14 Wn. App. 2d 769, 777, 473 P.3d 675 (2020) (citing *Blankenship v. Kaldor*, 114 Wn. App. 312, 319, 57 P.3d 295 (2002)). As such, so long as the statute of limitations period has not expired, the remedy for insufficient service of process is dismissal without prejudice. *O'Neill v. Farmers Ins. Co. of Wash.*, 124 Wn. App. 516, 529-31, 125 P.3d 134 (2004).

Here, the applicable statute of limitations period had not expired when the trial court decided the City's summary judgment motion. That is so because, under RCW 4.16.170, the statute of limitations in this multidefendant action was tolled upon proper service of Officer Savage. *See Kim v. Lakeside Adult Family Home*, 185 Wn.2d 532, 559, 374 P.3d 121 (2016) ("In *Sidis*, this court held that under RCW 4.16.170 (the tolling statute), timely service of one defendant tolls the statute of limitations for serving other defendants in multidefendant actions.") (citing *Sidis v. Brodie/Dohrmann, Inc.*, 117 Wn.2d 325, 815 P.2d 781 (1991)) (footnote omitted). Because it is undisputed that Chavis properly served Officer Savage, and because we hold in section II.A above that the trial court erroneously dismissed Chavis' claims based on her purported failure to file a tort claim form as required by chapter 4.96 RCW, service of process as to Officer Savage tolled the statute of limitations as to Chavis' claims against the City. Thus, the applicable statute of limitations period had not expired when the trial court decided the City's summary judgment motion and the trial court therefore erred in dismissing Chavis'

claims against the City with prejudice (rather than without prejudice) based on her failure to properly serve a statutorily designated agent with the summons and complaint.[3]

III

In sum, we reverse the trial court's order dismissing Chavis' claims against Officer Savage, John Doe Savage, and their marital community, vacate the trial court's order dismissing with prejudice Chavis' claims against the City, and remand the matter for entry of an order dismissing the claims against the City without prejudice. Lastly, because the City has not established a proper basis for awarding attorney fees on appeal, we deny its request.

Feldman, J.

WE CONCUR:

Díaz, J.

Mann, J.

---

[3] Because the trial court erred as a matter of law in dismissing Chavis' claims with prejudice rather than without prejudice, it necessarily abused its discretion in denying her motion for reconsideration on this point. *See Singleton v. Naegeli Reporting Corp.*, 142 Wn. App. 598, 612, 175 P.3d 594 (2008) ("[T]he trial court's initial dismissal of Singleton's CPA claim was contrary to law. Therefore, the trial court abused its discretion when it denied the motion for reconsideration of that decision."); *Hockett v. Seattle Police Dep't*, 31 Wn. App. 2d 210, 219, 548 P.3d 271 (2024) ("we review rulings on CR 59 motions for an abuse of discretion").